GLENCOE LIME & CEMENT COMPANY, Respondent,
v. ANTON WIND et al., Appellants.

St. Louis Court of Appeals, December 4, 1900.

1. Contractor's Bond, Action On: PETITION, SUFFICIENCY OF:
PUBLIC SCHOOL BUILDING: ACTION: PLEADING; SUB-CON-
TRACTOR. A petition states a good cause of action against a con-
tractor and the sureties on his bond which avers that the contract
was to build or repair a public school building; that the bond was
conditioned for the faithful performance of the work by the contrac-
tor, and for the payment by him of all claims for materials used
in the building; that plaintiff furnished such materials to a sub-
contractor under the original contractor and that the contractor
and sub-contractor had failed to pay for them.

2. ———: PETITION: EXHIBITS ARE NO PART OF A PETITION.
Exhibits filed with a petition are no part of a petition.

3. Contract for Benefit of Third Party. A contract between two
parties upon a valid consideration may be enforced by a third party,
when entered into for the benefit of the third party.

4. ———: PRIVITY OF CONTRACT. And this is so though such
third party may not be named in the contract, and though he was
not privy to the consideration.

5. ———: ———. It is sufficient in order to create the necessary
privity, that the promisee owe to the party to be benefited some
obligation or duty, legal or equitable, which would give him a just
claim.

Appeal from the St. Louis City Circuit Court.—*Hon.*
*Franklin Ferris*, Judge.

AFFIRMED.

*Geo. W. Lubke, Jr.,* for appellants.

(1) The bond and the contract recited in and attached

to it must be construed together as forming one instrument. Sexton v. Anderson, 95 Mo. 373; Belch v. Miller, 32 Mo. App. 387; Houck v. Frisbee, 66 Mo. App. 16; Lewis v. Penn. M. L. Ins. Co., 3 Mo. App. 372. (2) The bond sued on must be strictly construed. The obligation of the sureties in it can not be enlarged beyond what a fair and reasonable construction of its terms warrants. Cochrane v. Stewart, 63 Mo. 424; Bauer v. Cabanne, 105 Mo. 110; Singer Mfg. Co. v. Hibbs, 21 Mo. App. 574; Bricker v. Stone, 47 Mo. App. 530; Erath v. Allen, 55 Mo. App. 107. (3) The terms of the bond give respondent no right of action on it, because there is neither privity between the obligee therein and respondent, nor any duty or obligation owing to respondent from said obligee. Vrooman v. Turner, 69 N. Y. 280; Simson v. Brown, 68 N. Y. 355.

*W. B. Homer* for respondent.

(1) "Exhibits filed along with the petition constitute no part thereof. Its sufficiency must be determined by its face, its contents, and can neither be aided or destroyed by any accompanying exhibit." Merrill v. Trust Co., 46 Mo. App. 242; State to use v. Samuels, 28 Mo. App. 649; Pomeroy v. Fullerton, 113 Mo. 440; Hickory Co. v. Fugate, 143 Mo. 71. (2) The liability of appellants is plainly covered by the exact language of the contract and bond, as alleged in the petition, to-wit: that the appellants agreed to make payment to all the parties furnishing material used in the work provided for in said contract, and for all the labor performed on said work, whether by subcontract or otherwise. (3) That a contract between two parties upon a valid consideration may be enforced by a third party, whether entered into for his benefit or not, is well-settled law in this state, and this is true though such third party be not named

in the contract and though he was not privy to the consideration.   City of St. Louis, etc., v. Von Phul, 133 Mo. 565; Rodgers v. Gosnell, 58 Mo. 589.

BIGGS, J.—This action is founded on a contractor's bond.   The defendant Wind is the principal in the bond, and his co-defendants are his sureties.   The Board of Education of the city of St. Louis contracted with Wind to furnish the necessary materials for plastering one of the school buildings in the city.   The bond was given to secure the performance of this contract.   The plaintiff furnished to a subcontractor under Wind, lime, plaster, cement and hair, which were used in the building, and for which the subcontractor and Wind failed to pay.   The plaintiff contends that the bond was intended as security for all persons who might furnish materials for the improvement.   The defendants demurred generally to the petition, which demurrer the circuit court overruled.   The defendants refused to plead further, and thereupon an inquiry of damages was had, which resulted in a judgment for plaintiff, from which the defendants have appealed.

Omitting caption, the petition is as follows:

"Plaintiff states that the Board of Education of the city of St. Louis is a corporation existing under the laws of the State of Missouri, and has a charter of which public notice is required to be taken in all courts and all places, and that the plaintiff, the Glencoe Lime & Cement Company, is a corporation duly incorporated under the laws of the state of Missouri.

"Plaintiff states that heretofore, to-wit, on or about the twentieth day of December, 1897, the said The Board of Education of the city of St. Louis, entered into a contract with the defendant, Anton Wind, to construct, erect and build an

addition to the Des Peres School, in the city of St. Louis, state of Missouri; that it was provided in said contract that the said defendant, Anton Wind, furnish, at his own cost and expense all the materials used in the construction of said work; that there was attached to and made a part of said contract an obligation signed by said defendant, Anton Wind, as principal, and said defendants, H. Meinholtz, Frederick Kroeger, Gottlieb Goessling, A. Riemann and John H. Dress, as sureties, whereby the said principal and sureties bound themselves and their respective heirs and executors and administrators unto the said The Board of Education of the city of St. Louis in the penal sum of eight thousand two hundred and fifty dollars, lawful money of the United States, conditioned that in the event the said Anton Wind should faithfully and properly perform the foregoing contract according to all the terms thereof, and should make payment to all the parties furnishing material used in the work provided for in said contract, and for all the labor performed on said work, whether by subcontract or otherwise, then said obligation should be void; otherwise to remain in full force and virtue; that said contract was also signed by the president of said The Board of Education of the city of St. Louis, and by the secretary and treasurer of said board, and the same was approved as being in conformity with the action of said board by the attorney thereof, which contract is numbered 344, and is on file in the office of the secretary and treasurer of said board, a certified copy of which contract and bond is herewith filed and marked exhibit A.

"And for a breach of said bond, plaintiff states that the defendant, Anton Wind, did enter into a contract with L. E. Resinger & Co., of the city of St. Louis, to do all the plastering for the alteration and additions to the said Des Peres School required under the provisions of the aforementioned

contract, and that between July 1 and August 15, 1898, inclusive, the said L. E. Resinger & Co., did purchase and receive from this plaintiff, lime, plaster, hair and cement, which articles the said L. E. Resinger & Co. and the said Anton Wind used in the construction of said additions and alterations of the said Des Peres School, under the provisions of the said first mentioned contract. The aggregate value of the merchandise so furnished by the plaintiff and so used in said construction between the dates aforesaid, is $168.80, and the items thereof are fully set forth in the account hereto attached and marked Exhibit B.

"Although defendants have been requested to pay plaintiff for said merchandise so used in the construction of said building, the defendants have altogether neglected and refused to pay plaintiff. And plaintiff further says, that the said L. E. Resinger & Co. have failed, neglected and refused to pay said account, and that said L. E. Resinger & Co. are wholly insolvent and are non-residents of the state of Missouri.

"Plaintiff says that it has at all times been familiar with the contracts of the said The Board of Education of the city of St. Louis, and that in delivering said goods to the said L. E. Resinger & Co. and the said building, it has relied upon the provisions set forth in the foregoing referred-to contract and bond.

"Wherefore plaintiff prays judgment against said defendants for the penalty of said bond in the sum of $8,250 and for interest upon the same, and that damages to plaintiff be assessed on said bond in the sum of $168.80 with interest and costs."

All questions presented in briefs of appellants have been settled adversely to them by the decisions in this state, therefore, it is useless to discuss contrary rulings in other jurisdictions.

In the case of the city of St. Louis v. Von Phul, 133 Mo 561, the court decided, in accordance with the rule in this state since the decision in Rogers v. Gosnell, 58 Mo. 590, that "a contract between two parties upon a valid consideration may be enforced by a third party, when entered into for his benefit, is well-settled law in this state. This is so though such third party may not be named in the contract, and though he was not privy to the consideration. Rogers v. Gosnell, 58 Mo. 590; State ex rel. v. Gaslight Co., 102 Mo. 482; Ellis v. Harrison, 104 Mo. 276, and cases cited. It is sufficient, in order to create the necessary privity, that the promisee owe to the party to be benefited some *obligation or duty*, legal or *equitable*, which would give him a just claim." Further on in the opinion (loc. cit. 571) the court approved the decisions in other cases which uphold the right of third persons, such as subcontractors, laborers and materialmen, to maintain an action on a contractor's bond given to a state, county, city or school district, conditioned for the faithful performance of a contract to construct a public improvement, and for the payment of the claims of all such persons who might do work thereon, or furnish materials therefor. The ruling in such cases is on the theory that as public buildings or other improvements are not subject to a mechanic's lien, a *moral* obligation or duty rests on public officials entering into such contracts to protect or secure third persons, who might engage in making such improvements, in the payment of their just claims. Therefore we hold that the petition in the present case states a good cause of action on the bond, for it is averred that the contract was to build or repair a public school building; that the bond was conditioned for the faithful performance of the work by Wind, and for the payment by him of all claims for materials used in the building; that plaintiff furnished such materials to a subcontractor under

Wind, and that the subcontractor and Wind had failed to pay for them.

It is insisted, however, that Wind only obligated himself in the contract to pay those who might furnish materials directly to him, and that, therefore, plaintiff's claim was not secured by the bond, as it furnished the materials to a subcontractor. A sufficient answer to this is that the sufficiency of the petition must be determined by the allegations therein. Exhibits filed along with it are no part of it, hence the contract is not before us. For the purposes of the case we must assume that the petition correctly states the legal purport of the contract.

The remaining question that plaintiff can maintain the action without joining The Board of Education as a plaintiff, is settled by the decision of the Supreme Court in Devers v. Howard, 144 Mo. 671.

The judgment of the circuit court will be affirmed. All concur.