## PHILLIPS, Respondent, v. BARNES, Appellant.

**St. Louis Court of Appeals, March 1, 1904.**

1. PLEADINGS: Departure: Waiver. Objection to an amended petition on the ground that it states a new cause of action is waived by pleading to it and going to trial.

2. ———: ———: Motion to Strike Out. The proper way to make objection to it is by motion to strike out, not by objection to evidence in support of it.

3. ———: ———: New Cause of Action in Replication: Waiver. The petition stated a cause of action for the price of timber sold upon an oral contract; the answer denied the contract sued on, setting up a subsequent written contract of sale and alleging payment of the contract price; the replication admitted all the averments of the answer except that of payment, which averment was denied; the defendant made no objection in the trial court, that the reply departed from the petition, and there was a verdict for plaintiff. *Held*, defendant could not be heard to assign for error that the plaintiff's judgment is not supported by his petition.

4. ———: Contract: Ambiguity: Jury Question. The written contract set up in the answer recited that plaintiff had "given this my lease to said lands for the term of seven years" and then proceeded as follows: "I have received in full consideration for the above lease the sum of $325," and the replication admitted every fact set up in the answer except that the timber had been paid for which it expressly denied. *Held*, the replication did not admit payment, and, under the most favorable construction of the instrument for the defendant, its

terms were so ambiguous that the question whether the $325 was received as payment for the lease alone, or for the timber as well as the lease, was properly submitted to the jury.

Appeal from New Madrid Circuit Court.—*Hon. H. C. Riley,* Judge.

AFFIRMED.

*E. F. Sharp, Lawrence Fisher* and *Robert Rutledge* for appellant.

(1) Plaintiff to the answer filed his replication, as follows: "Plaintiff for replication admits each and every fact set out in the answer except that the timber has been paid for, which he specially denies." By this replication he admits that the contract was not an oral one as alleged in his petition, and that the contract dated January 13, 1899, was entered into, and thereby plaintiff sold and conveyed to defendant said timber for $325; that plaintiff executed that instrument as set up in defendant's answer, and the recitation therein, that he had received in full consideration the sum of $325, although he denies that the timber has been paid for. Murphy v. St. Louis, 8 Mo. App. 483. (2) On the offering of the written contract of January 13, 1899, by plaintiff and plaintiff's testimony that it set aside all existing contracts, and that he had received the $325 for the timber on said lands, this demurrer should have been sustained. Trimble v. Stewart, 35 Mo. App. 537; Walker v. Martin, 8 Mo. App. 561. (3) Plaintiff says in his petition that he "verbally" contracted the timber growing and standing on said lands to defendant. Growing timber unsevered from the land can only be conveyed by instrument under seal. Andrews v. Costican, 30 Mo. App. 29; Potter v. Everett, 40 Mo. App. 153. (4) At no time did the burden of proof rest upon defendant. Bunker v. Hibler, 49 Mo. App. 536; Lumber Co. v. Miller, 64 Mo. App. 620.

*Jas. V. Conran* for respondent.

Appellant having elected to file his answer to the third amended petition, and after his demurrer thereto had been by the court overruled, can not now be heard to complain of the defects and departure in said petition contained. Ins. Co. v. Tribble, 86 Mo. App. 546; Bank v. Pettit, 85 Mo. App. 499; Sawyer v. Wabash, 156 Mo. 468; Rogers v. Ins. Co., 93 Mo. App. 24; State ex rel. v. Bank, 160 Mo. 640; Mankameyer v. Egelhoff, 93 Mo. App. 183; Estes v. Desnoyers Shoe Co., 155 Mo. 577; Bernard v. Mott, 89 Mo. App. 403; Lathrop v. Mayer, 86 Mo. App. 355.

GOODE, J.—Plaintiff sued for the price of timber on 320 acres of land in New Madrid county. His petition stated that on February 5, 1898, he and the defendant entered into a verbal contract for the sale by him and the purchase by the defendant of the timber on certain tracts containing a stated number of acres, the purchase price being $1,000; that the defendant cut and removed the timber and converted it to his own use, but refused to pay for it; that the plaintiff had complied with his contract of sale and the defendant ought, in equity and good conscience, to pay the agreed price. The petition was crudely drawn, departed from the cause of action stated in two petitions previously filed and substituted a new cause of action; but the judgment should not be reversed on that account, as the objection was waived by the defendant pleading to the last petition and going to trial. Liese v. Meyer, 143 Mo. 547; Bernard, Admr., v. Mott, 89 Mo. App. 403. It is true an objection was made to the reception of any evidence on the score that the last petition stated a new cause of action; but the proper way to preserve the objection was to stand on a motion to strike out the petition. Previous citations; Scoville v. Glasner, 79 Mo. 449. The objec-

tion to the evidence was rightly overruled; for that an amended petition states a new cause of action is no basis for such an objection, which raises the question of whether a case is stated at all.

The answer denied that the contract for the sale of the timber was verbal and set up a written instrument dated February 7, 1898, and signed by the plaintiff, as constituting an earlier contract for the sale of the timber than the one finally executed. Said instrument described more than 1,000 acres of land and recited that plaintiff agreed to sell the timber right on it to several persons, among them the defendant, for a first mortgage bond of $1,000, to be issued by a railroad company that intended to build a railroad in New Madrid county. The instrument gave the vendee seven years after the expected railroad was open for business, to remove the timber. The answer further stated that an examination of the plaintiff's title to said 1,000 acres of land disclosed that he owned only a part of it and in consequence said earlier contract was rescinded by mutual consent, and afterwards, on January 13, 1899, another instrument was executed by the plaintiff, selling the timber on all the land which he owned to the defendant; the last contract being in abrogation of the one of February 7, 1898. The document of January 13, 1899, was copied in the answer and is of the following tenor:

"New Madrid, Missouri, January 13, 1899.

"To whom it may concern: This is to certify that I have this day sold to S. S. Barnes, his administrators, heirs or assigns, all the timber that is on the lands herein described and give this my lease to said lands for the term of seven years from this date; that is to say:

"The southeast quarter of section 10, 160 acres, and the south half of southeast quarter, and southeast quarter of southwest quarter, section 11, 120 acres, and the southeast quarter of northeast quarter of section 22, 40 acres, in all three hundred and twenty acres, in town-

ship 22, range 13, in the county of New Madrid, State of Missouri.

"I have received in full consideration of the above lease the sum of three hundred and twenty-five dollars.

"(Signed) ·        A. R. PHILLIPS."

The answer stated that the plaintiff had been fully paid by the defendant for the timber purchased by him.

A replication was filed which admitted every averment of the answer, except that the defendant had paid for the timber, which averment was denied.

It is said that, besides the departure of the last petition from the cause of action stated in the previous ones, the replication departed from the case stated in the last petition, and the plaintiff recovered on a contract different from the one declared on in it; that he declared on a verbal contract made in 1898; admitted in his reply that said contract had been abrogated by the written one of January 13, 1899, and obtained judgment on a finding that the timber was sold but had not been paid for. This is argued to be the result of the admission in the replication of everything averred in the answer except payment, as the answer averred the abrogation of the agreement of February, 1898, by the one of January, 1899. No doubt there was a diversion of the issues as tendered by the petition; but who did it? The defendant himself in his answer. While a general denial would have been sufficient to put in issue the contract declared on by the plaintiff, defendant went further and tendered new issues. As the replication traversed the averment of payment and admitted all the other averments of the answer, no issue was joined but the one of payment. Now the defendant, besides unnecessarily tendering new issues, never raised the objection that the allegations of the last petition were abandoned by the reply, and that in the reply the plaintiff sought judgment on a different case from the one set up in the petition. Both parties went to trial uncomplainingly on

the issue of payment made by the answer and the replication, thereby acquiescing in the change of the issues. It should be stated that though the defendant's counsel objected to evidence because the last petition departed from the previous ones, they did not object, at any time, on the ground that the reply departed from the last petition; nor did they demur to the reply, move to strike it out, or take any action against it. With the record in this state the defendant will not be heard to assign for error, that the plaintiff's judgment finds no support in his petition. The very point was discussed and decided by the Supreme Court in Jones v. Rush, 156 Mo. 364; and by the Kansas City Court of Appeals in Lathrop v. Mayer, 86 Mo. App. 355. In each of those cases the answer pleaded a defense which was not in the nature of a confession and avoidance of the plaintiff's case, but rested on a contract entirely distinct from the case stated in the petition. The plaintiff's reply accepted the issues thus tendered and the trial was had as to the facts put in issue by the answer and the reply. On appeal, the defendants sought to take advantage of the supposed departure; but their exceptions were overruled, on the ground that the point had been waived. What would be the effect of a tender of new and wholly distinct issues by the defendant, accepted by a replication, if a point was made about the matter at the trial, we need not inquire.

The argument is pressed on our attention that the replication confessed plaintiff had been paid for his timber; but instead of making such an admission, the replication denied payment had been received. That pleading runs in this wise: "Plaintiff, for replication, admits each and every fact set up in the answer, except that the timber has been paid for, which he expressly denies." The defendant's counsel contends the effect of the replication is to admit the timber was sold by the contract of January 13, 1899; and this is true.

They contend another effect of the replication is to admit plaintiff had received $325, the full consideration stated in the last mentioned contract, and that he received said sum for the timber. This reasoning is unsound, as will appear by reference to the instrument, which not only recites that Phillips had, on January 13, 1899, sold the timber on certain tracts of land to Barnes, but that the former had given the latter a lease on said lands for a term of seven years. It then proceeded as follows: "I have received in full consideration of the above lease the sum of $325." When a consideration is not stated as an integral part of a contract, there may be an inquiry on outside testimony, as to what the true consideration was. Williams v. Railway, 85 Mo. App. 103. If the consideration in question is so expressed that we must be bound by the words of the instrument, their effect is that the $325 were to be paid by Barnes for the lease, instead of for the lease and the timber as Barnes maintains; for it is plain the document states the sum as a consideration for the lease; not mentioning the timber in the same connection. This would leave the consideration for the timber dependent on evidence *aliunde;* and Phillips swore the price of it was to be $1,000, and that the $325 were to be paid as rental for the seven-year lease of the lands. Barnes testified the latter sum covered both the price of the timber and the rent. The most favorable construction of the instrument for the defendant is that its terms are so ambiguous that oral evidence was competent to prove the consideration mentioned in the instrument was intended to cover both the timber and the rent, as Barnes swore. That interpretation is doubtful; but if we grant it, as we may for the purposes of this appeal, Barnes can not be helped; because the jury rejected his version in favor of the plaintiff's. The trial court let in testimony offered by the parties on the question of what the sum of $325 was received as payment for, and whether

it was meant to pay for the timber as well as the lease, submitted the matter to the jury by instructions, and as it was disposed of by the jury as an issue of fact, their finding is conclusive.

The defendant admitted getting the timber, but pleaded payment for it, and he had the burden of proof on the issue.  Griffith v. Creighton, 61 Mo. App. 1.

There is no other point in the briefs that requires attention; so the judgment is affirmed.  *Bland, P. J., and Reyburn, J.,* concur.