BUFFALO FORGE COMPANY, Respondent, v. CULLEN & STOCK MANUFACTURING COMPANY et al., Appellants.

St. Louis Court of Appeals, March 15, 1904.

1. **CONTRACTOR'S BOND: Subcontractors May Sue On It.** Where public officials contract for a public improvement and exact from the contractor a bond, binding him to pay parties for labor and material furnished, such parties may sue on the bond as a contract made for their benefit. (Distinguishing State ex rel. v. Loomis, 88 Mo. App. 500.)

2. ———: ———: **Assignment Clause.** Where such a bond, given by a contractor, contains a clause providing that it might be assigned by the obligee to subcontractors, material men and laborers, and stipulating that, in case of such assignment, it should inure to the benefit of all such parties alike, in proportion to their respective demands, but no assignment is made by the obligee, the subcontractor and materialmen may nevertheless sue on it as a contract made for their benefit.

Appeal from St. Louis City Circuit Court.—*Hon. J. R. Kinealy,* Judge.

AFFIRMED.

*Paul Janis* and *J. M. Holmes* for appellants.

*Geo. W. Lubke* and *Geo. W. Lubke, Jr.*, for respondent.

GOODE, J.—The Cullen & Stock Manufacturing Company under its previous name of the Cullen & Stock Heating and Ventilating Company, made a contract with the board of education of the city of St. Louis, July 9, 1901, to construct and install in the Emerson school building a heating and ventilating apparatus for the sum of $11,387. The Cullen Company gave the board of education a bond with the City Trust, Safe Deposit and Surety Company of Philadelphia as surety. Said bond provided that if the principal in it, the Cullen Company, should perform its contract in full, pay all obligations incurred by it for labor and material used in the construction of the heating and ventilating apparatus, etc., it should be void. It contained besides, this clause:

"This bond may be assigned by the obligee to subcontractors, materialmen and laborers, who at the instance of the principal obligor have furnished work or material toward the completion of the contract; and in case of such assignment it shall inure to the benefit of all such parties alike, in proportion to their respective demands remaining unpaid."

The Cullen Company purchased from the plaintiff, the Buffalo Forge Company, a portion of the heating apparatus for the sum of $1,491, which was never paid, and this action was brought on the bond by the Buffalo Company to recover that sum.

The defendants filed answers, pleading the nonassignment of the bond by the board of education to the Buffalo Forge Company, and that portion of the answers was stricken out and an exception saved.

At the trial, the contract and bond were offered in

evidence for the plaintiff, together with a stipulation admitting the purchase, sale and value of the materials sold by the plaintiff and that their price was due. The defendant then asked a declaration of law that under the evidence the plaintiff was not entitled to recover.

The court refused to give the declaration, entered judgment for the plaintiff and the defendant appealed.

The question presented for decision is, whether, in view of the assignment clause quoted above, the plaintiff had any right of action on the bond, it never having been assigned to plaintiff by the obligee, the board of education.

That a person to whom the principal is indebted for labor and material furnished in the construction of a building contemplated by a bond like the one in suit, except as to the assignment clause, may maintain an action on the bond, was decided in Lime & Cement Co. v. Wind, 86 Mo. App. 163, a case on an instrument in no respect different from this one, except that it lacked said clause. Other decisions uphold that remedy in favor of laborers and materialmen, for the reason that the lien statutes do not assist them to recover demands accruing in connection with the erection of public buildings. In such an instance if the public officials who contract for an improvement exact from the contractor a bond binding him to pay parties for labor and material furnished, such parties are allowed to sue on it as a contract made for their benefit, in discharge of a moral obligation to see that they are paid for what the public uses of their work or property; and a liberal interpretation of the provisions of the instrument is indulged in their behalf. No reason exists for denying the remedy to this plaintiff unless the assignment clause deprives him of it. It does not. Among others, the bond contains this condition:

"And if the said Cullen & Stock Heating and Ventilating Company shall repay to the said board of

education of the city of St. Louis all sums of money which it may pay to other persons on account of the work and labor done, or material furnished, which said Cullen and Stock Heating and Ventilating Company may fail to do or furnish, and shall pay to the board of education of the city of St. Louis all damages it may sustain, by reason of the non-performance or malperformance on the part of the said Cullen & Stock Heating and Ventilating Company of any of the covenants, conditions, stipulations or agreements of said contract, including all alterations, modifications and additions, as aforesaid, and shall make payment to the parties furnishing the same for all materials used in the work provided for in the said contract and specifications hereunto annexed, including such alterations, modifications and additions, and for all labor performed on such work, whether by subcontract or otherwise, then this obligation shall be void; otherwise the same shall remain in full force and virtue.''

That clause not only provided for the reimbursement of the board of education for money it might pay to other persons than the contractor for work and material, but provided also that the contractor of the Cullen Heating Company, should pay parties furnishing material and labor to be used in the building. By virtue of the lattter provision such parties acquired a right to sue on the bond as a contract intended for their benefit. The assignment clause enabled the board of education to insure uniform participation in the benefit of the bond by all creditors of the contractor for labor and material. It was not intended to make the right of a creditor to sue on the bond dependent on the will of the board further than might be necessary to put all creditors of the contractor on an equal footing.

We are not concerned at present with whether, if there were several creditors and the board refused to assign the bond, one of them could sue on it for his own

benefit exclusively; for it does not appear that the contractor owes anyone except the respondent for labor and material.

We are cited by the appellant to the case of State ex rel. v. Loomis, 88 Mo. App. 500, as conclusive against respondent's right to maintain this action. The bond sued on in the Loomis case contained this term: "This bond is made for the use and benefit of all persons who may become entitled to liens under said contract according to the provisions of the law in such case made and provided, and may be sued upon by them as if executed to them in proper person." We held that clause designated the only persons, aside from the parties to the bond, who could sue on it, and that as Loomis had no lien, and, therefore, did not come within the designated class, he could not sue. It is true the building was a public one, and the bond was probably drawn under a misapprehension of the law, or a blank form used with said clause left in it inadvertently; but as courts must enforce contracts as they are made, we were compelled to deny that Loomis had a right of action on the instrument. That case resembles this one in no feature.

The judgment is affirmed. *Bland, P. J.*, and *Reyburn, J.*, concur.