M. H. MERRIMAN et al., Appellants, v. CITY OF SPRINGFIELD, Respondent.

Springfield Court of Appeals, April 4, 1910.

1. PRACTICE: Amendment of Pleading: Addition of Party Plaintiff. A petition may be amended by adding the name of a new party, provided the new party added is the real party in interest, where the ends of justice may be met thereby and the defendant not injured.

2. ———: ———: ———: Objections. Where it is sought to amend a petition by adding a new party plaintiff, to which amendment the defendant objects, then the party can be made a plaintiff only upon a showing that she was interested in the litigation and was a necessary or proper party plaintiff.

3. ——: ——: ——: Waiver of Objection. The real party in interest was made a party plaintiff by order of the court before the petition was amended, and this was done without objection on the part of the defendant. *Held*, that by not objecting at the time, defendant waived its right to raise the question afterwards by demurrer to the petition as amended.

4. APPELLATE PRACTICE: Motion for New Trial: Grounds for New Trial Dehors Record Must be Proven. In a motion for a new trial where one of the grounds therefor is an allegation *dehors* the record, which allegation is not supported by an affidavit, the matter cannot be considered by the appellate court, for a motion for a new trial does not prove itself.

Appeal from Greene Circuit Court.—*Hon. V. O. Coltrane,* Special Judge.

REVERSED AND REMANDED.

*A. B. Lovan* for appellants.

The amendment was made before trial. The section of the statute containing the limitation "when the amendment does not change substantially the claim or defense" applies only to a case where the amendment is offered after the evidence is introduced. The amendment adding the wife of plaintiff as a party to the suit and alleging that the property belonged to her is permissible, under the statute and authorities. R. S. 1899, sec. 657; Robertson v. Railway Co., 21 Mo. App. 633; Harkness v. Julian, 53 Mo. 238; Kansas City v. Bacon, 147 Mo. 295; Hackett v. Van Frank, 119 Mo. App. 656; Commission Co. v. Milling Co., 136 Mo. App. 365.

*Al. P. Tatlow* for respondent.

A husband is not a necessary party to a wife's suit for injury to her land. He cannot commence suit in which he has no interest and substitute the real party in interest by amendment. It changes cause of action. Courtney v. Shelly, 38 Mo. App. 290; Arnold v. Willis, 128 Mo. 145.

COX, J.—Action for damages to certain lots in the city of Springfield, alleged to have been caused by defendant while improving its streets, causing a large body of surface water to accumulate and to be discharged upon the lots described in the petition.

The petition was filed August 15, 1905, in which the plaintiff, M. H. Merriman, appeared as the only party plaintiff, and ownership of the lots was alleged to be in him. The damage was alleged to have occurred in October, 1900. At the May term, 1906, Caroline E. Merriman was, by order of record, made a party plaintiff. At the January term, 1907, the petition was amended by interlineation, and in which, both M. H. Merriman and Caroline E. Merriman appeared as plaintiffs, and the allegation made that Caroline E. Merriman was the owner of the lots, and that M. H. Merriman was her husband. The defendant filed a demurrer to this amended petition, alleging as grounds therefor that the amended petition changed the cause of action and was a substitution of a new cause of action by amendment; that there was a defect of parties and an improper joining of plaintiffs. The court sustained this demurrer and plaintiff, refusing to plead further, judgment went against him, and he has appealed.

The statute, section 657, Revised Statutes 1899, which is looked to as authority to require the court to allow the amendment to stand, has always received a most liberal construction by the courts of this State, and while they are not all in accord upon the question of permitting an amendment of the petition by adding the name of a new party, where the new party added is the real party in interest, yet the later decisions on this question are to the effect that it may be done where the ends of justice will be met thereby, and the defendant not injured. [Hackett v. Van Frank, 119 Mo. App. 648, 96 S. W. 247; Glover & Son Commission Co. v. Abilene Milling Co., 136 Mo. App. 365, 116 S. W. 1112.]

In the Hackett case some importance is attached to the fact that if that action were abated the claim would be barred by limitation. The same thing is true in this case, and so the ends of justice require that the amendment be permitted to stand unless the mandates of the law forbid, and we do not think they do.

There is another reason why this demurrer should have been overruled and the amended petition allowed to stand. Caroline E. Merriman was made a party plaintiff by order of court before the petition was amended, and this was done without objection on the part of defendant. Had the defendant objected, she could only have been made a party plaintiff upon a showing that she was interested in the litigation, and was a necessary, or proper, party plaintiff, and if defendant did not desire her interests, whatever they might be, litigated in this action, it should have objected then and required her to make a showing as to why she should be made a party, and by not objecting at that time, it waived its right to raise the question afterward by demurrer to the petition as amended. [Butler v. Boynton, 117 Mo. App. 462, l. c. 468, 94 S. W. 723.]

Again this amendment was made by interlineation, and when leave to amend was asked for, the attorney for plaintiff stated to the court the changes he desired to make, and leave was granted accordingly, and this was not objected to by defendant; so it appears that this amendment was made with its tacit, if not express, consent, and, for that reason, it should not have been permitted to afterward object by demurrer to the petition.

Plaintiffs, in their motion for new trial, allege that since judgment had been rendered against them they had ascertained the fact to be that the title to the lots is, as a matter of fact, in M. H. Merriman, as alleged in the original petition. This allegation, however, is not supported by affidavit, and, as the motion for

new trial does not prove itself, that question is not before us. If, however, this is true, we see no reason why before a re-trial of this case, the amendment may not be made, and it might not be out of the way to suggest that counsel for plaintiffs learn where the title to these lots is before he makes any further amendment, and when he does amend it, do it in a way that no further controversy can arise upon that question.

The judgment will be reversed and the cause remanded. All concur.