PICKEL   STONE   COMPANY,  Respondent,   v.
GEORGE S. McCLINTIN et al.; UNITED SURE-
TY COMPANY, Appellant.

### St. Louis Court of Appeals, November 4, 1913.

1. **PLEADING: Parties: Dropping Nominal Plaintiff: Amend-
ments.** In an action by a materialman upon a bond of a con-
tractor for the erection of a schoolhouse, originally brought in
the name of the school district at the relation of the material-
man, it was proper, under Sec. 1848, R. S. 1909, to permit the
petition to be amended by dropping the name of the nominal
plaintiff, so as to allow the suit to be prosecuted in the name
of the materialman as sole plaintiff.

2. ——: ——: ——: ——: **Waiver of Objection by
Pleading Over.** By pleading over after a petition is amended
by striking out the name of the nominal plaintiff, in an action
brought in the name of one person to the use of another, de-
fendant waives his right to object to the amendment.

3. **SCHOOLS AND SCHOOL DISTRICTS: Action on Bond of
Contractor: Parties.** A materialman may maintain an action
in his own name, without making the State a party, on a bond
executed to the State by a contractor for the erection of a
schoolhouse, conditioned upon the contractor's paying all
amounts due for material and providing that it "may be sued
on at the instance of any materialman."

4. **PLEADING: Departure: Waiver by Pleading Over.** By
pleading over, defendant waives his right to object to an
amended petition on the ground that it is a departure from the
cause of action originally counted on.

5. ——: **Defective Petition: Aider by Verdict.** A peti-
tion which, by reasonable inference and intendment, states a
cause of action will be held sufficient after verdict, although it
does not allege the facts relied upon with great exactness and
nicety.

6. **SCHOOLS AND SCHOOL DISTRICTS: Action on Bond of
Contractor: Pleading: Sufficiency of Petition.** In an action
by a materialman upon a bond of a contractor for the erection
of a schoolhouse, *held* that the petition stated a cause of action
by reasonable inference and intendment, and hence it was suf-
ficient after verdict.

Appeal from St. Louis City Circuit Court.—*Hon. Leo S. Rassieur,* Judge. .

AFFIRMED.

*Ferriss & Zumbalen* and *Hugh D. McCorkle* for appellant.

(1) The original petition was filed by one of the beneficiaries of a bond, to the use and at the relation of another beneficiary whose rights were co-ordinate and wholly independent of the first, and the obligee (trustee) was not made a party. The amended petition sought to drop the original plaintiff and substitute the party who was designated relator in the first petition, and again ignored the obligee (trustee) of the bond. This is a complete and unlawful substitution of parties. (a) The first plaintiff had no legal capacity to maintain the suit for the party denominated relator as he was neither the party in interest nor the trustee of an express trust. (b) Since the original plaintiff was a stranger to the cause of action, and could not maintain it, the amended petition is but an attempt to substitute a proper party for an incapable one, a party in interest for an interloper. This cannot be allowed. Hall v. School District, No. 4, 36 Mo. App. 21; Courtney v. Sheehy, 38 Mo. App. 290; Clements v. Greenwell, 40 Mo. App. 589. (2) While a party in interest who is not named in the bond may maintain a suit on a bond he can only do so as a relator, the obligee of the bond being at least the nominal plaintiff through whom he must proceed. School District v. Livers, 147 Mo. 580; Jeffries v. McLean, 12 Mo. 538. (3) The rule might be different where the suit was based on the theory of a contract by two parties for the benefit of a third party, but so long as the suit is on the bond the obligee is a necessary party. (4) The original petition here proceeded upon the

theory that the bond sued on was a statutory bond. The amended petition drops this theory and impliedly proceeds as upon a common law bond. The first pleaded a statutory bond, the second a common law bond. These theories require different proof to maintain them and call into play different principles of law. Hence the cause of action was changed. Lum. Co. v. Zeitinger, 45 Mo. App. 114; Sims v. Field, 24 Mo. App. 537; Riley v. Railroad, 24 Mo. App. 278. (5) When defendant is haled into court by a plaintiff who has no action against him, he cannot be put in the wrong and mulcted with costs by the substitution of a proper plaintiff even though the original action might have been for the benefit of the party subsequently made plaintiff. Clements v. Greenwell, 40 Mo. App. 589; Courtney v. Sheehy, 38 Mo. App. 290. (6) The true test as to whether a cause of action has been changed is that the proposed amendment changes the nature (theory) of the cause of action and destroys the identity of the transaction. Mineral Belt Bank v. Lead & Zinc Co., 158 S. W. 1066; Clo. Co. v. Steideman, 120 Mo. App. 514; Ingwerson v. Railroad, 150 Mo. App. 374; Ray v. Dodd, 112 S. W. 2; Barnes v. Prewitt, 28 Mo. App. 163; Slaughter v. Davenport, 151 Mo. 26; Clark v. Zane, 148 S. W. 967. (7) The amended petition failed to state a cause of action, nor was it aided by the proof. Under the bond pleaded all that plaintiff proved might be true and still not be a breach of the bond. The bond only required McClinton to pay all amounts due for materials and labor at the time the work contemplated by the contract was completed. There was no proof when the contract was completed, nor was there any proof as to when plaintiff's claim became due. There is not even any proof as to when the stone was delivered. It did not by its proof bring itself within the terms of the bond. State ex rel. v. Thomas, 17 Mo. 503; Erath & Flynn v. Allen & Son, 55 Mo. App. 107. (8) The undertaking of a surety

Stone Co. v. Surety Co.

in a bond is to receive a strict construction, and is not to be extended beyond the fair scope of its terms. This bond only required that McClinton should, as soon as the work contemplated in his contract was completed, pay all claims that were due for materials and labor, and did not concern itself as to when or whether he paid those which were not due at that time. Hence it was necessary for plaintiff to both allege and prove that its claim was due at that time; and failing to do either it was not entitled to recover against appellant. Erath & Flynn v. Allen & Son, 55 Mo. App. 107; Rothman Dist. Co. v. Kermis, 79 Mo. App. 111; Kansas City to use v. McDonald, 80 Mo. App. 444; Blair v. Ins. Co., 10 Mo. 559 and cases cited; State to use Roe v. Thomas, 19 Mo. 613; Orrick v. Vahey, 49 Mo. 428; City of St. Louis v. Sickles Extr., 52 Mo. 122.

*Geo. W. Lubke* and *Geo. W. Lubke, Jr.* for respondent.

(1) The defendant, not having objected to the filing of the amended petition in any way, but having answered the same and gone to trial on the same, has waived all objections to the amended petition as being a departure from the original petition, either in the party plaintiff or the cause of action stated in the original petition. Merriman v. Springfield, 142 Mo. App. 506; Jones v. Springfield Traction Co., 137 Mo. App. 408; Forrister v. Sullivan, 231 Mo. 345; Grymes v. Liebke Hardwood Mill & Lumber Co., 111 Mo. App. 358; Phillips v. Barnes, 105 Mo. App. 421; Bender v. Zimmermann, 80 Mo. App. 138; Spurlock v. Railway Co., 93 Mo. 530. (2) Even though the defendant had objected to the amendment of the petition by the omission of the name of the Valley Park School District Co. No. 5 as plaintiff, the amendment was nevertheless proper and ought to have been allowed by the court. The school district was only a nominal party.

The real party in interest was the Pickel Stone Company, which always was and still is party to the suit. State ex rel. Longden v. Shelby, 75 Mo. 482; Weber v. City, 83 Mo. 262; Hackett v. Van Frank, 119 Mo. App. 648; Thompson v. Allen, 86 Mo. 85; R. S. 1909, sec. 1848. (3) The cause of action stated in the petition and the amended petition are one and the same, namely a breach of the bond executed and delivered by the defendants whereby they promised to make payment to the plaintiff and all other materialmen who furnished materials used in the building of the school district for the materials furnished to said McClinton and used in the erection of the building not paid for by him. The school district was under a duty to exact a bond from McClinton. R. S. 1899, secs. 6761, 6762. Whether the bond sued on was such a bond as the statute required to be taken or not, it was nevertheless good as an undertaking or obligation by defendant for the benefit of plaintiff upon which paintiff might maintain an action. State to the use of Duncker v. Hollinshead, 83 Mo. App. 678. The undertaking and obligation of defendant being for the plaintiff's benefit, the plaintiff had the right to sue on the same in its own name, and the amended petition stated a good cause of action thereon. Glencoe Lime & Cement Co. v. Wind, 86 Mo. App. 163; Buffalo Forge Co. v. Cullen & Stock Mfg. Co., 105 Mo. App. 484. (4) The criticisms of appellant that the amended petition fails to state a cause of action in that it assigns no breach of the bond sued on, and that no breach of the bond was proved by plaintiff, are not tenable. Taken as a whole, the petition sets out a cause of action. It may not allege it with as much nicety, exactness and completeness as the defendant seems to contend for, but, having tendered issue and gone to trial on the petition as it stood, defendant is not now in any position to object that the petition fails to state a cause of action. Spurlock v.

Railroad, 93 Mo. 539; Seckinger v. Manufacturing Co., 129 Mo. 598.

ALLEN, J.—This is a suit upon a contractor's bond for the erection of a schoolhouse in Valley Park School District No. 5, township 44, range 5 east, of St. Louis county, Missouri. The bond is executed to the State of Missouri by the defendant, George S. McClinton, as principal, and his codefendant, United Surety Company, as surety, and is conditioned that defendant McClinton shall faithfully perform his contract for the erection of such building, "and shall as soon as the work contemplated by said contract is completed, pay to the proper parties all amounts due for material and labor used and employed in the performance thereof." And the bond provides that "the same may be sued on at the instance of any material man, laboring man or mechanic."

The suit was originally instituted in the name of the said Valley Park School District, at the relation of the respondent, Pickel Stone Company. A demurrer was sustained to the petition upon the ground of lack of capacity of the school district to maintain the action on the bond. Thereupon plaintiff amended its petition by dropping the name of the school district in the caption thereof, as well as the allegation in the body thereof to the effect that the suit was brought to the use and at the relation of respondent Pickel Stone Company; though the word "relator" remains in places in the petition instead of the word "plaintiff."

Thereupon the defendant filed its answer to the amended petition, admitting the execution of the contract for the construction of the school building, as well as the execution of the bond sued upon, and denied generally the other allegations of the petition as amended.

The cause was tried before the court without a jury, a jury having been waived, resulting in a judgment for plaintiff for the penalty of the bond, to be satisfied upon the payment of $209.98; from which judgment the defendant, United Surety Company, prosecutes its appeal to this court.

Appellant urgently insists that it was error for the trial court to permit the petition to be amended so as to substitute the respondent as plaintiff in lieu of the school district, in whose name the cause was instituted at the relation and for the use of the respondent. Appellant says that, as the suit was originally begun, one beneficiary under the bond, not itself the obligee, attempted to maintain the action for the benefit of another beneficiary, and that when the school district went out on demurrer because its lack of capacity to sue appeared upon the face of the petition, the respondent could not step in and volunteer itself as a substituted plaintiff.

In support of the appellant's contention in this regard we are cited to early cases of our courts which appear to sustain its position. It serves no useful purpose to review them, however, as the later cases support the action of the trial court in permitting the amendment in question.

Section 1848, Revised Statutes 1909, is as follows:

"The court may, at any time before final judgment, in furtherance of justice, and on such terms as may be proper, amend any record, pleading, process, entry, return or other proceedings, by adding or striking out the name of any party, or by correcting a mistake in the name of the party, or a mistake in any other respect or by inserting other allegations material to the case, or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

In Courtney v. Sheehy, 38 Mo. App. l. c. 293, this court through ROMBAUER, J., held that the above statute did not authorize the court to add, by way of amendment, the name of the only substantial party plaintiff or defendant, as that would, in effect, be the institution of a new suit. To the same effect are a number of other cases.

However, in Hackett v. Van Frank, 119 Mo. App. 648, 96 S. W. 247, this court through GOODE, J., held that where a cause of action was begun in the name of all the stockholders of a corporation as partners, the petition might be amended, on discovery of the mistake, to make the corporation plaintiff; following Lilly v. Tobine, 103 Mo. 477, 15 S. W. 618, and citing a number of other cases in this State.

In Commission Co. v. Milling Co., 136 Mo. App. l. c. 368, 369, 116 S. W. 1112, it is shown that there are two lines of cases on the question, but that the more recent decisions hold that under the statute an amendment can be made which will substitute even an entire new party or parties plaintiff. [See, also, Merriman v. Springfield, 142 Mo. App. 506, 127 S. W. 122.]

In the case before us, the respondent was a party to the record from the beginning, and the suit was sought to be prosecuted for its use and benefit; the school district being the nominal plaintiff. The effect of the amendment was to permit the suit to proceed in the name of the real party in interest, to-wit, this respondent, when it appeared that the nominal plaintiff had no standing in court. We think that this was not error.

A further reason why the appellant should not now be heard to complain of the action of the trial court in permitting the amendment in question is that appellant did not object or complain at the time, but on the contrary filed its answer and went to trial on the merits. By pleading over we think that the appel-

lant should be held to have waived the amendment. [See Merriman v. Springfield, supra, l. c. 509.]

It is urged that the action should be prosecuted in the name of the State for the use and benefit of this respondent, and that the latter cannot maintain an action on the bond in its own name. In this we think appellant is in error. [See Devers v. Howard, 144 Mo. 671, 46 S. W. 625; Glencoe Lime & Cement Co. v. Wind, 86 Mo. App. 163; Buffalo Forge Co. v. Mfg. Co., 105 Mo. App. 484, 79 S. W. 1024.]

A further contention of appellant is that, because of the fact that the amended petition omitted certain words contained in the original petition, the amendment amounted to a total change in the cause of action. The words thus omitted referred to the giving of the bond, stating that the same was executed "in accordance with the statute in such cases made and provided." And appellants point is that the omission of these words made the action one as for the enforcement of a common law bond, whereas the original petition counted upon a statutory bond. As to this we need only say that even, though the amended petition entirely changed the cause of action, the defendant by pleading over waived it, and the matter is not before us for review. [See Forrister v. Sullivan, 231 Mo. 352, 132 S. W. 722; Phillips v. Barnes, 105 Mo. App. 421, 80 S. W. 43; Grymes v. Mill & Lumber Co., 111 Mo. App. 358, 85 S. W. 946.]

It is further urged that the amended petition wholly failed to state a cause of action. We have carefully examined it, and while it does not allege the facts relied upon with great exactness and nicety, it does, taken as a whole, at least by reasonable inference and intendment, state a cause of action; and this being so, no advantage can be taken of its imperfections after verdict.

And lastly, it is insisted that plaintiff's proof totally failed to establish a breach of the condition of

the bond. This we shall not dwell upon, for a careful examination of the record has fully convinced us that there is no merit in this contention.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.