### THADDEUS WARD *et al.*, Appellants, *v.* JAMES PINE, Respondent.

1. *Practice, civil — Pleading — Amendment — Copartnership, allegation of— Waiver.*— *Semble*, that plaintiffs were properly allowed to amend their petition by substituting the allegation that they were a copartnership, for the previous averment that they constituted a corporation; and *held,* that where a defendant voluntarily answers such amended petition he thereby waives his objection to such amendment.

*Appeal from St. Louis Circuit Court.*

*R. S. McDonald*, with *Kinealy*, for appellants, cited Tayon v. Ladue, 33 Mo. 209 ; Hubla v. Pallen, 11 Ind. 273 ; Blake v. Done, 7 Hurl. & Nor. 464.

*L. Wilcox*, for respondent.

ADAMS, Judge, delivered the opinion of the court.

The St. Clair Coal Mining Company commenced this suit, alleging in their petition that the company was a corporation made under the laws of Illinois. Afterwards the plaintiffs were permitted to file an amended petition in their names, alleging that they were copartners, and as such formed the said St. Clair Coal Mining Company, and as partners under that name sold to the defendant the coal sued for, and filed with their petition an account made out in their copartnership names for the identical items referred to in the original petition.

The defendant objected to this amendment, asserting that it was not the same cause of action, and that the parties were all new parties substituted for the alleged corporation. But the court overruled the objection and the defendant excepted. The defendant then filed an answer admitting the copartnership of plaintiffs and his indebtedness to them, and setting up a counter-claim, to which plaintiffs replied ; and the case was tried on these pleadings and a verdict and judgment rendered in favor of plaintiffs. The defendant appealed to the general term, and the general term reversed and remanded the cause, and from this judgment of reversal the plaintiffs appealed to this court.

The only material point raised and discussed in this case was the action of the court in permitting the plaintiffs to come in and be substituted for the alleged corporation. It is not pretended that the cause of action is not the same originally sued on. The only claim set up is that it was due to a copartnership formed of the plaintiffs, of the same name and style of the alleged corporation. This is not the substitution of an entire new party, but only the

designation of the individuals who were in reality the original party suing as a corporation, when in fact it was only a copartnership and not a corporation.

In my judgment the court exercised its discretion soundly in permitting the amendment to be made; at all events the defendant has suffered no injury. He voluntarily appeared to the amended petition and filed an answer and counter-claim to the merits, and the case was tried on these issues. This amounted to a waiver of the objection he had made to the amendment. The general term erred in reversing the judgment and remanding the cause.

The judgment of the general term is therefore reversed. The other judges concur.