Gunther Brothers & Co. v. Aylor.

GUNTHER BROTHERS & COMPANY, Respondents, v. J. W. AYLOR, Appellant.

Kansas City Court of Appeals, February 10, 1902.

1. **Justices' Courts:** PARTIES: AMENDMENT: SUBSTITUTION OF NEW PARTY. Plaintiffs amended in the circuit court their statement used in the justice's court by adding additional names and alleging that the plaintiffs were a partnership. *Held,* this was not the substitution of a new party.

2. **Pleading:** EXPRESS AND IMPLIED CONTRACTS: CHANGING CAUSE OF ACTION. The cause of action is not changed by an amendment alleging an express contract in lieu of an implied contract.

3. **Appellate Practice:** CONTRACT: PERFORMANCE: INSTRUCTION. Plaintiffs sued on a contract. Defendant pleaded non-performance by the plaintiff. The instructions submitted the question of non-performance to the jury. The verdict was for the plaintiff. *Held,* the appellate court can not interfere with the finding, since there was evidence to support it.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*Frank L. Forlow* for appellant.
Vol 92 app—11

(1)    We insist there was a change of the cause of action. We do not think the statute allows the plaintiff to change his cause of action by adding new parties, and suing as partners under the firm name of Gunther Brothers & Company.    See Wolff v. Vette, 17 Mo. App. 36.    (2)    The plaintiff must perform his part of the contract before he can demand any compensation from the defendant.    In this case there was an entire failure to perform.    Harrison v. Railroad, 74 Mo. 364; Brinkerhoff v. Elliott, 43 Mo. App. 185; Hall v. District, 24 Mo. App. 218; White v. Railroad, 19 Mo. App. 400; Insurance Co v. Germany, 74 Ga. 51; Reede v. Mitchell, 97 Mo. 365; Carp v. Tyler, 73 Mo. 617; Moore v. Gaus, 113 Mo. 107. (4)    The plaintiffs in this case failed to perform their contract, no benefits accrued to the defendant, and plaintiffs can not recover.    Doyle v. Turpin, 57 Mo. App. 84; Rice v. Edge, 42 Fed. Rep. 661.

*Howard Gray* for plaintiffs.

(1)    When the suit was commenced before the justice it was brought by Gunther Brothers & Company. The same parties plaintiff were before the court when the second amended petition was filed. New parties plaintiff or defendant, necessary to a complete determination of the cause of action, may be made in the appellate court.    Sec. 4077, R. S. 1899; House v. Duncan, 50 Mo. 453; Beattie v. Hill, 60 Mo. 72.    (2)    The theory of defendant is that he made a special contract with the plaintiffs to drill the hole for him to the depth of at least two hundred feet.    The instruction of the court given in behalf of the defendant correctly declared the law on the facts of the case as made out by defendant.    The jury found for the plaintiffs, and the verdict being supported by the evidence, this court will not interfere.    Bingo Mining Company v. Felton, 78 Mo. App. 210.

BROADDUS, J.—The case originated in a justice's court and was appealed to the circuit court, where the plaintiff filed an amended statement, which the defendant moved to strike out on the grounds that it stated an entirely different cause of action, and that it changed the parties plaintiffs and substituted new parties. The motion was overruled. The defendant alleges that the action of the court in that respect was error, and renews his contention in this court.

The statement filed in the justice's court, as shown by respondents' amended abstract, is as follows, to-wit:

"Gunthers Bros. & Co. and H. C. Miller,

    Plaintiffs,

    vs.

Joe Aylor, Defendant.

"Plaintiffs state that the defendant is justly indebted to them in the sum of one hundred and forty-one dollars for drilling for defendant at his special instance and request, as the account hereto attached, and made a part hereof more fully set forth, and showing that the price charged is reasonable, and that the sum is now past due, has been demanded of defendant and payment thereof not made." Then follows the prayer for judgment.

This statement was filed on the second day of July, 1900. On the fourteenth of July, in the justice's court, plaintiffs filed an amended statement containing the same facts, somewhat differently expressed, but the style of the case was changed, so that it appeared thus:

"Peter Gunther, H. C. Miller, ———

    Gunther, Plaintiffs.

    vs.

Joe Aylor."

After the case was appealed to the circuit court, the plaintiffs filed the amended statement in controversy and the

one on which it was tried.   This complaint differs from the two preceding ones in this, that the latter declares on an express contract while the two former declare upon an implied contract, and it is styled as follows:

"Peter Gunther, H. C. Miller, Matt Gun-
    ther & Matt Zogg, Plaintiffs.

    vs.

J. W. Aylor, Defendant."

The change in this differing from the last statement, consists in inserting the given name of Matt Gunther and adding the name of Matt Zogg as plaintiff, and in the body of the statement it is alleged that the plaintiffs were partners, and alleging a special instead of an implied contract, as stated.

The question raised is, are the amendments permissible under section 4077, Revised Statutes 1899?   Said section reads as follows:   "The same cause of action, and no other, that was tried before the justice, shall be tried before the appellate court, upon appeal:   *Provided*, that new parties, plaintiff or defendant, necessary to a complete determination of the cause of action, may be made in the appellate court." It can not be questioned that supplying the given name of Matt Gunther and adding the name of Matt Zogg, was strictly within the letter of the statute, but the contention is that the amendment stating that the parties plaintiff were partners is a change of the cause of action and a substitution of a new party, that is, a partnership for the original plaintiffs.   We do not believe that the contention is well founded.   It will be perceived that said section does not prohibit amendments to the cause of action, but only provides in that respect against changing the cause of action.   Here the subject and the cause of action are the same, and the parties in interest as plaintiffs are the same, but the form of the action is changed from that of a suit in the individual names of the plaintiffs to that of a suit in their individual names as partners.   Such has been held

to be a proper amendment, and not a change of the cause of action.

In Ward v. Pine, 50 Mo. 38, the plaintiffs sued as a corporation; they amended their petition alleging in their names that they were co-partners, and as such formed the St. Clair Coal Mining Company. The defendant objected to the amendment, on the grounds that it stated a new cause of action, and that the parties were all new parties, substituted for the alleged corporation. Judge ADAMS, who delivered the opinion of the court, said: "The only material point raised and discussed in this case was the action of the court in permitting the plaintiffs to come in and be substituted for the alleged corporation. It is not pretended that the cause of action is not the same originally sued on. The only claim set up is that it was due to a co-partnership formed of the plaintiffs, of the same name and style of the alleged corporation. This is not the substitution of an entire new party, but only the designation of the individuals who were in reality the original party suing as a corporation, when in fact it was only a co-partnership and not a corporation." See also, House v. Duncan, 50 Mo. 453. In Lilly v. Tobbein, 103 Mo. 477, the plaintiff, as an unincorporated church commenced suit to establish a will; a demurrer was sustained to the petition on the ground that the plaintiff did not have the capacity to sue. The name of the individual members of the church were substituted for the original plaintiff. Judge BLACK, who delivered the opinion of the court, said: "Now in the present case there has been no change in the cause of action itself. The subject-matter of the suit and the issues to be tried were the same after as before the amendment. So far as the defendants are concerned, this suit was commenced when the process was served upon them. The suit has been, from first to last, prosecuted in the interest of the church, and we entertain no doubt but the amendment substituting the individual plaintiffs for the unin-

corporated association related back to the commencement of the suit," etc.

These are not the only authorities going to sustain the right to amend in cases of this kind. Our system of pleading, in both the circuit, and justice's courts, is very liberal and the tendency to give it a liberal construction has been almost uniform. Wherefore we hold that the *specific grounds* assigned in this court for error of the trial court, in overruling his motion to strike out the amended statement are not well taken.

As the plaintiffs alleged performance of their contract, the amendment from an implied contract to an express contract was not a change of the cause of action, as they could sue upon either *quantum meruit* or on an express contract. Mansur v. Botts, 80 Mo. 651; Stout v. St. Louis Tribune Co., 52 Mo. 342; Williams v. Railroad, 112 Mo. 463; Moore v. Gaus, 113 Mo. 98.

The plaintiffs rely upon a contract had with the defendant to do drilling for him in prospecting for lead and zinc ores; that in pursuance of said contract they drilled for him a hole to the depth of one hundred and forty one feet; for which they were to receive, by the terms of the contract compensation at the rate of one dollar per foot. This defendant refused to pay, and hence this suit. The defendant contended that the contract was that the plaintiffs agreed to drill the hole to the depth of 200 feet; but that they abandoned the contract before complying with its terms to drill to said depth of two hundred feet, and therefore he owes them nothing. There was some evidence tending to support the issue in behalf of the plaintiffs, and some supporting defendant's side of the issue. The court instructed the jury if they found that the defendant employed plaintiffs to drill for him at the price of one dollar per foot, and that under such employment they did drilling for him to a depth of one hundred and forty-one feet, they were entitled to a credit for $141, unless they should further find that by the terms of the employment plaintiffs agreed

to drill a hole to the depth of two hundred feet, or as deep as the defendant desired them to go.    On the part of the defendant the court gave an instruction to the effect that if plaintiffs agree to drill a hole for him to the depth of two hundred feet, or as deep as he desired them to go, and that they failed or refused to do so, their verdict should be for the defendant.    These two instructions clearly defined the issues in the case, and the only issues.

The defendant contends that the plaintiffs did not comply with the terms of the contract made with the defendant, and argues that the cause should be reversed for that reason. But that matter was settled by the verdict of the jury, and we are not at liberty to interfere when the record shows that there was evidence upon which the jury were authorized to so find.    This has been so often held by the courts that it is not thought necessary to longer cite authorities in relation to the matter.

Finding no error in the case, it is affirmed.    All concur.