HACKETT et al., Appellants, v. VAN FRANK, Respondent.

St. Louis Court of Appeals, May 22, 1906.

1. PRACTICE: Amendments: Parties.  Where a cause of action was begun in the name of all the stockholders of a corporation as partners, when in fact the cause of action had been assigned to the corporation, it was proper to allow the plaintiff's attorneys, on discovery of the mistake, to amend their petition making the corporation the plaintiff; such an amendment was not a change of the cause of action.

2. ———: ———: ———: Discretion of Trial Court.  While generally the trial court has discretion in permitting amendments, in this case there was timely application for permission to amend, as soon as the mistake in the parties plaintiff was discovered, due notice given to the defendant's attorneys, and it appears that the cause in favor of the corporation would be barred by limitation if abated, therefore refusal of the trial court to permit the amendment was reversible error.

Appeal from St. Genevieve Circuit Court.—*Hon. Chas. A. Killian*, Judge.

REVERSED AND REMANDED (*with directions*).

*R. H. Whitelaw* and *Wilson Cramer* for appellants.

Plaintiffs James L. Hackett and Graeme McGowan, being the owners of all of the capital stock of the Greenbrier Distillery Company and so constituting the corporation, should have been permitted to amend their petition, as prayed, under the provisions of the statute. Plaintiff's request to amend is sanctioned by the following decisions of this court and the Supreme Court. Ward et al. v. Pine, 50 Mo. 38; House v. Duncan, 50 Mo. 453; Beattie v. Hill, 60 Mo. 72; Lilly v. Tobbein, 103 Mo. 477, 15 S. W. 618; Gunther Bros. & Co. v. Aylor, 92 Mo. App. 161; Stewart & Jackson v. Van Horne, 91 Mo. App. 658.

*Edward A. Rozier* and *Robert L. Wilson* for respondent.

In regard to the second assignment of errors, in which plaintiffs claim that the court committed error in overruling plaintiffs' motion for leave to amend their petition, and in refusing to permit plaintiffs to amend their petition as prayed, which was in effect to substitute the Greenbrier Distillery Company as plaintiff instead of William M. Collins & Company, in that we insist that the court committed no error. Section 540, Revised Statutes 1899; section 1990, Revised Statutes 1889, and section 3462, Revised Statutes 1879, are literally the same and all provide that every action shall be prosecuted in the name of the real party in interest. Williams & Yeatman v. Whitlock, 14 Mo. 553; Ashby v. Ashby, 39 La. Ann. 105; Parks v. Tolman, 113 Mo. App. 16, 87 S. W. 576; Wallhormfechtfel v. Dobyn, 32 Mo. 310; Ellis v. Harrison, 104 Mo. 277, 16 S. W. 198.

GOODE, J.—This suit was brought in the Cape Girardeau Court of Common Pleas to the May term, 1900. On application of defendant, the venue was changed to the circuit court of Madison county, and from that court the cause was transferred by agreement of the parties to the circuit court of Ste. Genevieve county, whence this appeal comes. The action is to recover for liquors alleged to have been sold and delivered to defendant at different dates between June 23, 1899, and November 18th of that year. The case has been tried three times and was once before appealed to this court, which reversed the judgment then in contest. [Hackett v. Van Frank, 105 Mo. App. 384.] By reading the opinion given on the appeal it will be seen that the defense was that the liquors were not purchased by defendant, but by his son-in-law without authority from him. The petition is in the ordinary form for merchan-

dise sold and delivered, and originally ran in the name of Wm. M. Collins, Jas. L. Hackett and Graeme McGowan, who are alleged to have been partners under the style of Wm. M. Collins & Company and doing business in Louisville, Kentucky. This allegation never was put in issue by a verified answer. The firm originally was composed of Collins and Hackett, McGowan never having had any interest in it. He was its bookkeeper. Collins died in 1895, five years before this action was begun, but his death was not suggested until two years after the institution of the action, which, from the date of the suggestion, proceeded in the name of Hackett and McGowan. The firm of Wm. M. Collins & Company was engaged in the liquor business prior to September, 1891, and for several years thereafter. In September of said year Collins, Hackett, McGowan, and two men named Brown, incorporated the Greenbrier Distillery Company for the purpose of manufacturing liquors, and both the firm and the distillery company conducted business until November, 1894. By that time all the stock in the company had been acquired by Collins, Hackett, and McGowan, and it was determined to merge the business of the partnership with that of the Greenbrier Distillery Company. In pursuance of this purpose the parties interested entered into a written agreement and filed amended articles of incorporation. The distillery company's business had been chiefly the manufacture of liquors; whereas the firm's business had been the sale of liquors at wholesale. Hence, the firm of Wm. M. Collins & Company was well known to the trade and it was deemed wise to retain the firm name in selling to retail dealers. For this reason, in the articles consolidating the business of the partnership and that of the corporation, the following clauses were inserted:

"It is hereby agreed that the Greenbrier Distillery Company may continue to sell goods in the name of Wm. M. Collins & Company and use that firm name as it

deems best, and that the parties to this agreement shall be responsible for any and all obligations so incurred in the name of Wm. M. Collins & Company as partners, in the proportions, as between themselves, of their respective interests in the corporation as amended.

"It is further agreed that said Greenbrier Distillery Company shall collect and receive all the assets and complete and carry out all of the contracts and perform all of the obligations and satisfy all the liabilities of the existing firm of William M. Collins & Company."

Pursuant to those clauses the Greenbrier Distillery Company, after the merger and even after the death of Collins, continued to take out a wholesale liquor dealer's license and sell liquors in the name of Wm. M. Collins & Company, and when the goods in controversy in this suit were sold, the sale and billing were in the name of Wm. M. Collins & Company, and under that name they were shipped to Van Frank at Cape Girardeau. When this sale occurred nobody owned any stock in the distillery company except the plaintiffs Hackett and Mc-Gowan, who, in May, 1898, had acquired the stock previously held by Collins and remained the sole owners of all the stock in that corporation until August 27, 1900; that is, during the period of the sales of the liquors in controversy. After the case was returned by this court for another trial, the deposition of McGowan was taken and therein the facts we have related were developed. They had been unknown previously to the attorneys for plaintiffs, who inadvertently instituted the action in the names, as the attorneys supposed, of the members of the old firm. When the business of the firm and that of the corporation were merged, it was provided in the articles of consolidation, as will be seen in the quoted clauses, that the Greenbrier Distillery Company should receive all the assets, assume all the obligations and carry out all the contracts of the firm of Wm. M. Collins & Company. The facts having been ascertained, plain-

tiffs' attorneys gave notice that they would ask leave
to amend their petition so as to make the suit stand in
the name of the Greenbrier Distillery Company instead
of the names of James M. Hackett and Graeme Mc-
Gowan. Previous to the presentation of this motion,
but after service of notice that it would be presented,
defendant filed an amended answer, in which, among
other things, it was averred that the merchandise men-
tioned in the petition was the property of and in the pos-
session of the Greenbrier Distillery Company when sold;
was sold by said company; that plaintiffs had no right
to or interest in the merchandise, and no right or claim
to the cause of action stated in the petition, the Green-
brier Distillery Company being the real party in in-
terest. At the hearing of the motion plaintiffs intro-
duced the original petition, defendant's amended answer
and the deposition of McGowan, thus showing the facts
we have recited. The court overruled the motion to
amend and plaintiffs excepted. The case was then called
for trial and both parties announcing ready, a jury was
impaneled. After the jury was sworn, but before any
evidence was heard, the court, at defendant's request,
instructed that under the pleadings plaintiffs were not
the real parties in interest, were not suing in a repre-
sentative capacity, or as trustees of an express trust,
and a verdict should be returned for defendant. An
exception was saved to this instruction and a verdict
having been returned by the jury in accordance with
it, followed by final judgment, the present appeal was
taken after appropriate preliminary motions.

The firm of Wm. M. Collins & Company had no
existence when the merchandise in controversy was sold,
as the death of Collins in 1895, had dissolved it, even
if it continued to be a legal entity subsequent to the
absorption of its obligations and assets by the distillery
company. There is no proof of the organization of a
new firm, after Collins' death, by Hackett and McGowan.

But the old name was still used by the corporation as a trade designation or style, in order to retain, unimpaired, the good will enjoyed by the firm. After the death of Collins was suggested, the present action stood in the names of Hackett and McGowan. The indebtedness owing for the merchandise was an asset of the Greenbrier Distillery Company and the action ought to have been in its corporate name. But when the goods were sold and also when this action was begun, Hackett and McGowan owned the entire capital stock of the corporation and, in effect, owned this asset. A man named Thies acquired, on August 27, 1900, one share of the company's stock. This was after the institution of the present case. The question for decision is whether or not, with these facts conceded, the court should have permitted plaintiffs to amend their petition by substituting the name of the company for their own names. Though amendments should be liberally allowed in furtherance of justice, the right to amend is limited by a proviso that there shall not be a substitution of an entirely different cause of action for the one originally pleaded. [R. S. 1899, sec. 657; Heman v. Glann, 129 Mo 325.] Technically regarded, it might be said that a cause of action in favor of a corporation is entirely distinct from one in favor of two persons who are the only shareholders, even though the subject-matter of the demand is the same. If the question is to be tested by whether the same evidence will support both demands, the propriety of an amendment substituting a corporation as plaintiff instead of its shareholders, might be dubious, because the evidence which would prove a demand due to the shareholders would not prove one due to the corporation. It is difficult to discern the reason of this test, in view of the spirit of the Code, which allows amendments in order to let in evidence otherwise inadmissible, or to conform to evidence already received. Though there may be difficulty in reconciling the amend-

ment requested in the present case with some rules which have been laid down regarding the right to amend, for instance, the one just noticed, the conclusion to be drawn from the precedents is that the amendment was permissible.

In the case of Lilly v. Tobbein, 103 Mo. 177, 15 S. W. 618, which was an action to establish a will, the original plaintiff was an unincorporated society, a church association. A demurrer was sustained to the petition on the ground that the unincorporated society had no legal power to sue and, thereupon an amended petition was filed in which were added as plaintiffs, certain members of the society by their individual names, with the allegation that they were trustees of the church, and also other members who were not trustees. A demurrer was sustained to the joining of the unincorporated association as a plaintiff in the amended petition, but overruled as to the new individual plaintiffs introduced by the amendment. It was contended on appeal that the circuit court erred in allowing competent individual plaintiffs to be substituted for the incompetent association; but this assignment of error was overruled.

In Ward et al. v. Pine, 50 Mo. 38, a suit was commenced in the name of the St. Clair Coal Mining Company, alleged to be a corporation organized under the laws of Illinois. The plaintiffs were permitted to file a second petition in their names, alleging that they were co-partners under the style of the St. Clair Coal Mining Company. The objection raised to this alteration was, that the substitution of the names of the individual plaintiffs for that of the corporation, was a change of the cause of action. The Supreme Court upheld the amendment, saying it did not amount to the substitution of a new party, but was only a "designation of the individuals who were in reality the parties suing as a corporation when it was only a co-partnership."

The ruling in State ex rel. Longdon v. Shelby, 75

Mo. 482, was that the petition declaring on an administrator's bond in the name of Longdon, might be amended by substituting the words, "State upon the relation and to the use of John Longdon, plaintiff," for the words "John Longdon, plaintiff." It will be perceived that this amendment changed the plaintiff; the new plaintiff being the State of Missouri, whereas the original one was Longdon.

In Tayon v. Ladew, 33 Mo. 205, it was ruled that an amendment of the petition at the trial by striking out the name of one plaintiff and substituting another, was within the discretion of the court. When the suit was brought one of the parties named as plaintiff was a daughter who claimed an interest in the land in controversy as heir of her mother, who was supposed to be deceased. Afterwards the mother was ascertained to be alive and her name was substituted for her daughter's. This ruling was approved.

In Winkelmeier v. Weaver, 28 Mo. 358, it having been objected at the trial that the interpleader who claimed the property in controversy had been a beneficiary in a deed of trust, whereas the legal title was in his trustee, it was held that the trial court should have allowed the trustee to be substituted as interpleader.

In House v. Duncan, 50 Mo. 453, it was held that it was permissible in the circuit court to amend a complaint in a cause appealed from a justice of the peace so as to bring in a new party plaintiff. The opinion disapproved an intimation to the contrary in Kraft v. Hurtz, 11 Mo. 109.

In Gunther Bros. v. Aylor, 92 Mo. App. 161, the statement filed in the justice's court where the case originated, omitted to name as plaintiffs two of the parties interested in the demand. In the circuit court an amended complaint was permitted to be filed, joining those parties as plaintiffs. This ruling was approved by the appellate court.

In Bork v. Andis, 98 Ind. 59, it was ruled that an amendment substituting new plaintiffs was proper, the court saying the change produced no delay and put the defendant to no disadvantage.

In Lake Erie, etc., R. R. v. Town of Boswell, 36 N. E. 1103, 137 Ind. 336, an action by a town to enjoin the obstruction of a street, the substitution of the town itself as plaintiff instead of its trustees, was approved.

Where an action was brought in the names of certain individuals who were designated as "commissioners of highways of the Town of Waynesville," an amendment striking out the names of the plaintiffs and also the title of the office, and permitting the suit to progress in the name of the "Town of Waynesville," was approved. [Yoakum v. Waynesville, 39 Ill. 220.]

In Courtney v. Sheehy, 38 Mo. App. 290, which is cited as opposed to the right to amend in the present case, the action was brought before a justice of the peace in the name of a husband when the claim belonged to the wife. At the close of the evidence on the trial in the circuit court, whence the case had been appealed, it was moved that the wife be made a party plaintiff. The question for decision was whether the statute permitting statements filed before a justice to be amended in the circuit court, authorized the wife to be united as a plaintiff with her husband; and it was ruled in the negative, as the result would be to substitute a new suit, different from the one originally instituted before the justice.

The same question arose in Clements v. Greenville, 40 Mo. App. 589, and in Thieman v. Goodnight, 17 Mo. App. 429. The statute construed in the three cases was the one dealing with the right of amendment on appeals from justices of the peace.

In School District v. Wallace, 75 Mo. App. 317, the court said a change of the party plaintiff was a change of the cause of action and, therefore, inadmissible, citing

Clements v. Greenville, and Courtney v. Sheehy, supra. The facts before the court did not call for that ruling, because it was held there had been no change of parties plaintiff; and, further, that if there had been, the objection was waived by the defendant. These cases from outside jurisdictions permit such an amendment. [Reynolds v. Smathers, 87 N. C. 24; Walthour v. Spangler, 31 Pa. St. 523.] These cases deny the right. [Liebmann v. McGraw, 3 Wash. St. 520; Wilson v. Kiesel, 9 Utah 397; Dubbers v. Goux, 51 Cal. 153.]

This case is to be distinguished from those in which one corporation was sued, and there were attempts to substitute as defendants other corporations which had not been sued or brought into court by service of process. In such instances the amendments contended for were held to be improper. [Hajeck v. Benev. Society, 66 Mo. App. 568; Jordan v. R. R., 105 Mo. App. 446, 79 S. W. 1155.] So where the original petition stated a cause of action against individuals as partners and the amended petition was against a corporation, it was held the court could have no jurisdiction over the corporation until it was brought into court by process or voluntarily appeared, even though the style of the alleged partnership was the same as that of the corporation, and the stockholders in the latter were alleged to compose the partnership. [Thomas v. Allen, 86 Mo. 85.]

The facts before us show the defendant will not be prejudiced by making the case stand in the name of the Greenbrier Distillery Company, nor will the form or substance of the cause of action be altered. We see no reason why the amendment is not legitimate under the decision in Ward v. Pine, supra, wherein an amendment, which was the exact converse of the one now requested, was approved; that is to say, the substitution as plaintiffs of the members of the partnership in lieu of the

corporation. Generally speaking the trial court has discretion about permitting amendments; but in the present case, timely application was made as soon as the mistake in the parties plaintiff was discovered, due notice of an intention to ask leave to amend was given to the defendant before court convened, and, as the demand will be outlawed by limitation if this suit is abated, we deem it proper to reverse the judgment and remand the cause with directions to the trial court to permit the Greenbrier Distillery Company to be made plaintiff and the litigation to be continued in its name. All concur.