B. F. GLOVER & SON COMMISSION COMPANY, Respondent, v. ABILENE MILLING COMPANY, Defendant; ABILENE NATIONAL BANK, Interpleader, Appellant.

**Kansas City Court of Appeals, March 1, 1909.**

1. **PARTIES: Amendment: Change of Action: Conflict of Authority.** While the authorities in Missouri are in conflict as to the effect of amending by changing the parties to an action so as to make an entirely new party, the later cases seem to be to the effect that such amendment is permissible and does not amount to a new action. *Held*, further, no good can be accomplished by dissent at this late date.

2. ———: ———: ———: **Interpleader: Attachment.** In an action by attachment an interpleader has no right to object to change of parties to the original suit, since an interplea is a separate proceeding and the interpleader's rights depend on the strength of his title.

Appeal from Jackson Circuit Court.—*Hon. Hermann Brumback,* Judge.

AFFIRMED.

*Beardsley, Gregory & Kirshner* for appellant.

(1) The law does not permit such a change or amendment of parties as amounts to a substitution of an entirely new party plaintiff or defendant for the original plaintiff or defendant. Sears v. Loan Co., 56 Mo. App. 122; Altheimer v. Teuscher, 47 Mo. App. 284; Clements v. Greenwell, 40 Mo. App. 594; Courtney v. Sheelhy, 38 Mo. App. 290; Thompson v. Allen, 86 Mo. 85; Hall v. School Dist., 36 Mo. App. 21. (2) The attempted amendment as to defendant in this case amounts to a complete substitution of new defendants for those originally named, and comes within the inhibition of the statute as construed by the appellate courts of this State. (3) The amendments permissible under the statute must be in furtherance of justice. (4) A firm can be sued only in the individual names of the copartners, and not in the trade name of the copartnership. Elbertson v. Richards, 42 N. J. L. 69; Frank v. Levi, 5 Rob. (N. Y.) 599, 28 N. Y. Sup. Ct. 559; Burton v. State, 75 Ind. 477.

*Meservey & German* for respondent.

(1) The amendments were proper. R. S. 1899, secs. 657 and 658; Walker v. Railroad, 193 Mo. 476; Parry v. Woodson, 33 Mo. 347; Dwyer Brick Works v. Flanagan, 87 Mo. App. 340; Darlington v. Tozer, 88 Mo. App. 525; Middleton v. Frame, 21 Mo. 412; Green v. Lodge, 79 Mo. App. 179; Gunther v. Aylor, 92 Mo.

App. 161; U. S. W. & S. S. Co. v. Dreyfus, 104 Mo.
App. 434; Beattie v. Hill, 60 Mo. 72; Drug Co. v.
White, 86 Mo. App. 540; Hackett v. Van Frant, 119
Mo. App. 648; Thompson v. Allen, 86 Mo. 85; Jones v.
Railroad, 178 Mo. 528. (2) The right of plaintiff to
amend is not properly an issue in this case. (3) The
interpleader must recover upon the strength of its ti-
tle. Upon it rests the burden of proving that it is the
owner of the fund. Teichman v. Bank, 27 Mo. App.
683; Car Co. v. Barnard, 139 Mo. 142; Graham Paper
Co. v. Crowther, 92 Mo. App. 275; Bollen v. Cohen,
42 Mo. App. 97. (4) The peremptory instruction was
properly given. Gust v. Hoppe, 201 Mo. 293; Stein
v. Burnett, 43 Mo. App. 477; Burgert v. Borchert, 59
Mo. 80; Young v. Kellar, 94 Mo. 581; Dougherty v.
Cooper, 77 Mo. 532; Shoe Co. v. Lisman, 149 Mo. 90.

BROADDUS, P. J.—This is a case of interplea. On
December 6 plaintiff instituted suit by attachment
against the following-named parties, "Abilene Milling
Company, a corporation, and W. H. Yohe and ———
Glade and John Doe, doing business as Abilene Milling
Company." An affidavit and bond in attachment were
made by plaintiff and a writ of attachment was issued,
delivered to the sheriff, and by him levied on a carload
of flour, which he sold as perishable property and the
proceeds in the sum of $890 is now in his hands.

On February 4, 1906, the Abilene National Bank
filed its interplea in the cause claiming the money in
the hands of the sheriff. Upon trial of the interplea
the court gave a peremptory instruction to find for the
plaintiff and the interpleader appealed.

At the inception of the trial, the plaintiff asked
and obtained leave to amend the petition, affidavit bond
and writ of attachment by naming the individual part-
ners composing the firm, the Abilene Milling Company.
The clerk was permitted to amend the attachment writ
and the sheriff also was permitted to amend his return

on the writ of attachment to conform to the other amendments. The sureties on the attachment bond appeared also and joined in the request to amend the papers as stated. The interpleader objected to the amendments.

The amendment consisted in erasing the names of the following defendants, "Abilene Milling Company, a corporation, and W. H. Yohe and ——— Glade and John Doe" and substituting the following names, "F. A. Glade, F. M. Glade, A. A. Glade, A. W. Glade, Mrs. Maggie Flenner and Miss May Flenner, copartners," and leaving the original words in the caption, "Doing business as the Abilene Milling Company." The effect of the amendment was to dismiss as to the Abilene Milling Company as a corporation "and W. H. Yohe and ——— Glade and John Doe" and make an entire substitution of new names of the persons doing business as the Abilene Milling Company.

The question presented by the appeal is whether the amendment was permissible under the code. A short review of the decisions of the appellate courts of this State shows they are not in entire accord on the question.

Judge ROMBAUER in Courtney v. Sheehy, 38 Mo. App. 1. c. 293, said, "It was never held that section 3567 (now 657) of the Revised Statutes . . . which provides that the court in furtherance of justice may add the name of any party, or correct the mistake in the name of a party, authorizes the court to add, by way of amendment, the name of the only substantial party plaintiff or defendant, as that would be in effect the institution of an entirely new suit by way of amendment, which cannot be done." And the following cases are to the same effect: Altheimer v. Teuscher, 47 Mo. App. 284; Thieman v. Goodnight, 17 Mo. App. 429; Hall v. School District, 36 Mo. App. 21; Hajek v. Benevolent Society, 66 Mo. App. 568; Jordan v. Railroad, 105 Mo. App. 446.

In Lilly v. Tobbein, 103 Mo. 477, the suit was instituted in the name of an unincorporated church, the amendment consisted of bringing in the names of members of the church. The court said, "Substituting the party having the legal right to sue for the claim for which the action is brought, instead of another party improperly named as plaintiff, is not the commencement of a new action . . ."

"Where a cause of action was begun in the name of all the stockholders of a corporation as partners, when in fact the cause of action had been assigned to the corporation, it was proper to allow the plaintiff's attorneys, on discovery of the mistake, to amend their petition making the corporation the plaintiff; such an amendment was not a change of the cause of action." [Hackett v. Van Frank, 119 Mo. App. 648.] Goode, J., who rendered the opinion, refers to the cases of Lilly v. Tobbein, supra; Ward v. Pine, 50 Mo. 38; State ex rel. Longdon v. Shelby, 75 Mo. 482; Tayon v. Ladew, 33 Mo. 205; Winkelmaier v. Weaver, 28 Mo. 358; House v. Duncan, 50 Mo. 453; Gunther Bros. v. Aylor, 92 Mo. App. 161, all of which go to sustain his opinion. However, it may be remarked that that case and all those, to which reference is made, were concerned with amendments allowed as to the names of parties plaintiff. But we can see no real difference, which that would make, except in case of newly made defendants new process must be issued and served to bring them into court, whereas the newly made plaintiffs voluntarily appear and suffer their names to be used as such. This can make no difference in the application of the rule as the statute applies to amendments in the name of a party, either plaintiff or defendant.

It will thus be seen that our courts have not been harmonious on the question; in fact, one line of cases is directly in opposition to the other. Although we are of the opinion that the Lilly v. Tobbein case and others

of the like character do not properly construe the statute in relation to amendments, yet, as they are the most recent expressions on the question, we believe that it could serve no good purpose to dissent from them at this time. With this conclusion, it follows that the amendment of the petition and subsequent proceedings in the case should be sustained.

But, if we are mistaken in the foregoing position, still the interpleader is in no condition to avail itself of the question for the reason that its interplea is a separate proceeding from the attachment and the only issue is as to the rightfulness of the claim to the proceeds of the flour in the hands of the sheriff, and, if it recovers, it must be upon the strength of its title. [Car Co. v. Barnard, 139 Mo. 142.]

The judgment being for the right party, it is affirmed. All concur.