N. V. TURNER, Appellant, v. WM. K. NOBLE, Respondent.

St. Louis Court of Appeals.     Opinion Filed February 6, 1923.

1. PARTIES: Pleading: Amendments: Statutes: Liberally Construed. The rule is to allow amendments, the exception to refuse them; and the courts will not be less liberal in construing section 1274, Revised Statutes 1919, authorizing amendments, than the statute is in its declarations, especially where the amendment is by bringing in or substituting the proper parties plaintiff, and where, if not allowed, plaintiff's cause of action would be barred.

2. ———: ———: ———: Parties Plaintiff: Refusal to Allow Amendments Bringing in Real Parties in Interest: Error. Where in the original as well as each and every amended petition the same party was defendant, and it was sought to hold him liable for the same identical shipment alleged to have been sold to him on the same date, and on the same terms and conditions and for the same amount, refusal to allow amendments which sought to have the real parties in interest at the time the sale was made brought in as parties plaintiff, was reversible error.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Victor H. Falkenhainer,* Judge.

REVERSED AND REMANDED.

*Cobbs & Logan* for appellant.

(1) An amendment of the petition will be allowed if the cause of action in plaintiff's petition is not substantially changed. R. S. 1919, sec. 1274; Stewart & Jackson v. Van Horn, 91 Mo. App. 647; Hackett v. Van Frank, 119 Mo. App. 648; Ward v. Pine, 50 Mo. 38; Walker v. Railroad, 193 Mo. 477.. (2) The correct test of the amendment is whether or not the identity of the transaction is retained. Harkness v. Julian, 53 Mo. 238; Lilly v. Tobbein, 103 Mo. 491; Ford v. Ford, 35 Howard's Practice 321 (53 Barbour 525); Stone v. Surety Company, 177 Mo. App. 494; Merryman v. Springfield, 142 Mo. App. 506; Kepley v. Park Circuit & Realty Co., 200 S. W. 750. (3) The defendant having answered to the third amended petition, was not in position to object to the introduction of testimony on the grounds of variance. Kepley v. Park Circuit & Realty Co., 200 S. W. 750.

*Abbott, Fauntleroy, Cullen & Edwards* for respondent.

(1) The several amended petitions filed by the plaintiff in this cause are departures, and state new causes of action which are not the same cause of action sued upon in the original petition. Therefore the court properly sustained the motions to strike out the first, second and fourth amended petitions, and improperly overruled defendant's motion to strike out the third amended petition, to which latter action defendant duly saved his exceptions. Courtney v. Sheehy, 38 Mo. App. 290; Hall v. School Dist., 36 Mo. App. 21; Drake v. St. L. & S. F. Ry. Co., 35 Mo. App. 553; Clements v. Greenwell, 40 Mo. App. 589; Bank v. Lead Co., 173 Mo. App. 634; Ingwerson v. Railroad, 150 Mo. App. 374; Black v. Vaughn, 140 Mo. App. 595; 2 Abbott's Trial Brief, pp. 1834, 1835; Goodrich v. Alfred, 72 Conn. 257; Alabama

Const. Co. v. Watson, 158 Ala. 166; Conder, et al. v. Fordhams R. Co., 110 N. Y. S. 355; Imy Co. v. Long, 139 Ala. 535; Sams v. Price, 121 N. C. 392; Barron v. Walker, 80 Ga. 121; Jacobs v. C. P. & St. L., 204 S. W. 954. (2) The third amended petition fails to state a cause of action because it fails to allege an assignment of the rights acquired by the Turners in the sale to defendant, to the Acme Cooperage Company, incorporated after the sale was transacted. There can be no ratification by a corporation of a contract made prior to its organization, even though made in its behalf, and unless such contract is assigned to the corporation, it acquires no rights thereunder. Queen City F. & C. Co. v. Crawford, 127 Mo. 364; Van Noy v. Insurance Co., 168 Mo. App. 287; 2 C. J. Sec. 92, pp. 475-6; 1 Meechem on Agency (2 Ed.), secs. 380, 382, pp. 276-278; Huffcutt on Agency (2 Ed.), sec. 32, p. 44. (3) Defendant's motion to strike out the fourth amended petition was sustained. He has never filed an answer to said fourth amended petition. He is not estopped from claiming that said fourth amended petition is a departure from the original petition.

NIPPER, C.—This suit originated in the circuit court of the city of St. Louis on the twelfth day of May, 1916. The question presented by this appeal relates to the action of the court in striking out an amended petition. It becomes necessary, therefore, to a proper understanding of this case, that we first set out the original petition.

"The Acme Cooperage Company,
    a Corporation, plaintiff,
    v.
Wm. K. Noble, defendant.

"Comes now the plaintiff and for its cause of action states that it is a corporation organized and existing under and by virtue of the laws of the State of Arkansas, and that it is and was at all times hereinafter mentioned

engaged in the manufacture of cooperage staves, hoops and heading. That the defendant is a nonresident of the State of Missouri and is, to-wit, a resident of the State of Indiana. That on the 19th day of April, 1915, the plaintiff sold and delivered to the defendant f. o. b. Jacksonport, Arkansas, one mixed car of slack cooperage stock containing 60,000 No. 2 twenty-eight and one-half inch cottonwood staves, and 15,120 No. 1 five-foot hoops, for which the defendant agreed to pay the plaintiff the agreed price of $3.60 per thousand for the staves and $5 per thousand for the hoops, within thirty days of the date of shipment thereof, whereby the defendant became indebted to plaintiff in the sum of $291.60.

"Plaintiff further states that said account has been long overdue and plaintiff has demanded payment thereof from defendant, but that defendant has paid no part of said sum which is still due and owing.

"Wherefore, plaintiff prays judgment against the defendant in the sum of $291.60, together with interest from the 19th day of May, 1915, and the costs and disbursements of this action."

This petition was accompanied by the usual affidavit necessary in attachment suits.

Defendant's answer was a general denial under oath.

On March 20, 1917, plaintiff filed its first amended petition, stating, in substance, that, on the 19th day of April, 1915, the United States Cooperage Company, a corporation organized under and by virtue of the laws of the State of Missouri, had sold and delivered to the defendant one mixed car of slack cooperage stock. (Here follows the exact description of the car and its contents in the same language as is used in the first petition.) The petition then further alleges that, on the 27th day of April, 1915, the United States Cooperage Company sold and delivered to plaintiff all of its manufacturing plant at Jacksonport, Arkansas, including real estate, machinery, accounts, evidences of debt, choses in action, etc. A motion to strike this amended petition from the

files, on the ground that it was a departure, was sustained.

On June 29, 1917, plaintiff filed its second amended petition, which was the same as the first amended petition, with the additional averment that the transaction referred to in the petition as occurring on the 19th day of April, 1915, was the same shipment and transaction in every respect as that described and mentioned in the original petition, wherein plaintiff inadvertently had stated that this plaintiff had sold and delivered said goods, when as a matter of fact the goods were sold and delivered to defendant by the United States Cooperage Company; and that plaintiff is a successor of the United States Cooperage Company, at its plant at Jacksonport, Arkansas. The second amended petition was stricken out upon the same ground as the first.

On April 15, 1918, a third amended petition was filed, wherein it is alleged that plaintiff, at the time of the filing of the original petition, was a corporation organized and existing under and by virtue of the laws of the State of Arkansas, and at all times after April 27, 1915, engaged in the manufacture of staves, hoops, heading, etc.; that on or about April 1, 1915, N. V. Turner, W. B. Turner, Olive B. Turner, Vernon L. Turner, and Maggie H. Turner, purchased from the United States Cooperage Company all of the assets of said cooperage company located at Jacksonport, Arkansas; that by the terms of said purchase the transfer of the property to the purchasers, or such a corporation as they might organize, was to and did take place on the 15th day of April, 1915; that the purchasers had agreed among themselves to form a corporation for the purpose of holding title to the acquired property, this corporation to be known as the Acme Cooperage Company; that on the 15th day of April, the above-named parties, acting for the corporation about to be formed, entered into possession of the property, and operated the same for the benefit of, and in the name of and for the account of, the Acme Cooperage Company

about to be formed; that on the 21st day of April thereafter the articles of incorporation were signed, and application was made for a charter from the Secretary of State of Arkansas; that on the 27th day of April, 1915, said charter was issued and granted to the said Acme Cooperage Company; that between the dates of April 15, 1915, and the 27th day of April, 1915, and on the 19th day of April, 1915, the incorporators sold and delivered to the defendant, f. o. b. Jacksonport, Arkansas,—(here follows the same description of the car and contents as contained in the original and all the prior amended petitions). Plaintiff then alleged that, on December 1, 1916, and after the filing of this suit, the Acme Cooperage Company assigned its interest to N. V. Turner. Plaintiff then asked that the suit thereafter be prosecuted in the name of said N. V. Turner, as substitute plaintiff.

A motion to strike out the third amended petition was overruled. Defendant filed answer thereto. On March 17, 1919, plaintiff requested leave to file a fourth amended petition.

The fourth amended petition, in two counts, was filed on July 26, 1919, and, upon motion, was stricken out, and plaintiff's term bill of exceptions was presented, signed, allowed, and filed. Afterwards the cause went to trial on the third amended petition, and defendant objected to the introduction of any testimony. This objection was sustained, and a peremptory instruction was given to find for defendant, and judgment was rendered accordingly. On January 5, 1920, N. V. Turner was substituted as party plaintiff by leave.

The first count of the fourth amended petition is identical with the third amended petition, except that where the allegation, "that said sale was made by said incorporators on the account or for the benefit of the Acme Cooperage Company, shortly thereafter incorporated," appears in the third petition, the fourth says, "that, thereafter, said indebtedness and account was for a valuable consideration assigned to, and became, and

was, the property of the Acme Cooperage Company, a corporation.''

The second count is based on *quantum meruit.*

We are of the opinion that the action of the learned trial judge in striking out plaintiff's fourth amended petition, especially as to the first count, was erroneous, and constitutes reversible error.

Defendant contends that the amended petitions were a departure and stated new causes of action, and therefore the court properly sustained the motions to strike out the first, second, and fourth amended petitions. In support of this contention, defendant relies largely upon the cases of Courtney v. Sheehy, ?8 Mo. App. 290; Hall v. School District, 36 Mo. App. 21; Clements v. Greenwell, 40 Mo. App. 589; and other cases of like import, which say that the provisions of our statute with respect to amendments do not go to the extent of permitting the substitution of one party plaintiff for another, as that would amount to an amendment not of the plaintiff's cause of action but of another person's cause of action. That is, in substance, what these cases hold. However, the later cases of both this and the Supreme Court do not follow the holding in those cases, but hold that the substituting of a party having the legal right to sue instead of one improperly named as plaintiff, is permissible, and does not change the cause of action. [Commission Co. v. Milling Co., 136 Mo. App. 365, 116 S. W. 1112; Hackett v. Van Frank, 119 Mo. App. 648, 96 S. W. 247; Stone Co. v. Surety Co., 177 Mo. App. 494, 160 S. W. 833; Cytron v. Transit Co., 205 Mo. 692, 104 S. W. 109; Baker Mfg. Co. v. Oklahoma Hide Co. (Mo. App.), 242 S. W. 134.] These cases seem to have based their conclusion upon the law as first announced in Lilly v. Tobbein, 103 Mo. 477, 15 S. W. 618, wherein it is stated: ''Substituting the party having the legal right to sue for the claim for which the action was brought instead of another party improperly named as plaintiff, is not the commencement of a new action.''

Our statute, section 1274, Revised Statutes 1919, is very liberal in its provisions with respect to amend-ments, and provides as follows:

"The court may, at any time before final judgment, in futherance of justice, and on such terms as may be proper, amend any record, pleading, process, entry, return or other proceedings, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

It is difficult to lay down a hard and fast rule with respect to amendments allowed under the provisions of this statute. The rule, however, is to allow amendments, the exception to refuse them; and the courts will not be less liberal in construing this statute than it is in its declarations. [Montague v. Missouri & K. Interurban Ry. Co., 289 Mo. 288, 233 S. W. 189.] This is especially true where the amendment is by bringing in or substituting the proper parties plaintiff, and where, if not allowed, plaintiff's cause of action would be barred. [Hackett v. Van Frank, supra.] In this case it will be noted that in the original as well as each and every amended petition, the same party was defendant, and it was sought to hold him liable for the same identical shipment alleged to have been sold to him, on the same date and on the same terms and conditions, and for the same amount; and the plaintiff was, by the filing of each amended petition, seeking to add new plaintiffs and set out the facts which necessitated their being made parties plaintiff, because the sale to the defendant was made between the date that the United States Cooperage Company sold its property, and the date the Acme Cooperage Company was organized. Plaintiff was only seeking to have the real parties in interest, at the time the sale was made, brought in as parties plaintiff, and, under the liberal

construction of our statute, the amendments should have been allowed. The same character of evidence would be required to defend each claim, and plaintiff seeks to recover the same measure of damages in each petition, and a recovery on the original petition would bar a recovery on the amended complaint. Therefore it was reversible error to not permit such amendment. [Walker v. Railroad, 193 Mo. 453, 92 S. W. 83.]

The Commissioner recommends that the judgment be reversed, and the cause remanded.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed, and the cause remanded. *Allen, P. J., Becker* and *Daues, JJ.,* concur.