CATHERINE CRAIG, AND KEELING B. WELLS, ADMINISTRATOR OF THE ESTATE OF ROBERT PAUL, DECEASED, RESPONDENTS, v. METROPOLITAN LIFE INSURANCE COMPANY, A CORPORATION, APPELLANT.*

St. Louis Court of Appeals.   Opinion filed June 7, 1927.

1.—Insurance—Life Insurance—Beneficiary—Facility Payment Clause—Mother of Deceased Has No Right of Action. Where, under the terms of a policy of insurance, it is payable to the executor or administrator of the insured and contains a facility of payment clause, the proceeds of the policy are payable to the executor or administrator of the insured unless settlement shall have been made as provided for in the facility payment clause, and no cause of action is vested in anyone other than the duly qualified executor or administrator of the insured, and such facility clause does not vest a right of action in any person who comes within the terms of such clause, but the contract merely gives to the insurer an option to substitute payment under its terms for the payment otherwise due to the executor or administrator of the deceased and held, under such policy, the mother of insured has no right of action.

2.—Same—Same—Same—Same—Administrator Proper Party Plaintiff—Amendments. In an action on a life insurance policy which was commenced by the mother of the deceased, who had no right of action, it was not error on the part of the trial court to permit an amendment making the alleged administrator of the estate of the deceased a party plaintiff, as under section 1274, Revised Statutes 1919, with respect to amendments, the rule favors the allowing of amendments, and it is the exception to refuse them, and the substituting of a party having the legal right to sue instead of one improperly named as plaintiff is permissible, and does not change the cause of action.

3.—Same—Same—Same—Same—Judgment Entered for Mother of Deceased—Error as Administrator Had Sole Right of Action. In an action on a life insurance policy containing a facility of payment clause by the terms of which the amount stipulated in the policy, in the event of the death of the insured, is payable to the executor or administrator of the insured, the company, however, reserving the right to make the payment or grant any nonforfeiture privilege provided in the policy to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expenses on behalf of the insured, or for his burial, entering judgment for plaintiff, mother of the insured, held erroneous, since the cause of action on such policy is vested alone in the duly qualified executor or administrator of the insured.

4.—Same—Same—Same—Same—Answer—Denial That One of the Plaintiffs Was Deceased's Administrator—Failure of Proof—Demurrer to Evidence Overruled—Error. In an action on a life insurance policy, where the answer of the insurance company denied that one of the plaintiffs was the
   220 Mo. App.—58.

administrator of deceased and denied his legal capacity to sue, and there was neither allegation nor proof that he was the duly appointed administrator of said estate, **held** defendant's demurrer offered at the close of the case should have been sustained.

**5.—Same—Same—Old Line Policy—Application Not Attached—Defense of Misrepresentation—Available.** Under section 6184, Revised Statutes 1919, the alleged defense of misrepresentation made by the insured in his application held available to the defendant although the application for the insurance was not attached to the policy of insurance itself, as the policy in suit being issued upon a level or flat rate premium, that is, being an old line policy and not a policy issued upon the stipulated premium plan, said section has no application.

**6.—Same—Same—Action on Policy—Premiums—Not Deposited—Defense of Misrepresentation—Not Available.** Section 6145, Revised Statutes 1919, is mandatory and in an action on a life insurance policy, for a defendant to avail itself of a defense of misrepresentation, it must, either at or before the trial, actually deposit in court, for the benefit of plaintiff, the premiums received on such policy; tendering the premiums in its answer was not sufficient.

---

*Corpus Juris-Cyc. References: Life Insurance, 37CJ, p. 565, n. 68; p. 603, n. 9; p. 627, n. 27; p. 643, n. 93; Pleading, 31Cyc, p. 476, n. 37; p. 477, n. 38; p. 485, n. 43.

Appeal from the Circuit Court of Montgomery County.—Hon. Ransom A. Breuer, Judge.

REVERSED AND REMANDED.

*Hunter & Chamier* for appellant.

*Fordyce, Holliday & White* of counsel.

(1) As the policy provides by its terms that it was payable only to the executor or administrator of the insured, and as plaintiff Catherine Craig brings her suit as the mother of the deceased, and not as his administratrix, and it is admitted that she is not the administratrx, the court erred in overruling the demurrer to the evidence, because plaintiff Catherine Craig was not qualified to maintain her suit. Manning v. Prud. Ins. Co., 202 Mo. App. 124, 213 S. W. 897; Burns v. Prud. Ins. Co., 253 S. W. 81; Walton v. Met. Life Ins. Co., 207 Mo. App. 296, 232 S. W. 259. (2) It was error to render judgment for plaintiff Keeling B. Wells. The answer denied his appointment as administrator and his capacity to sue, and there is no proof whatever in the record showing his appointment, or that he had any right to maintain this suit. (3) Proofs of death, which are not contradicted or explained by other evidence, are prima-facie evidence of the facts therein stated, and are conclusive as admissions. Stephens v. Met. Life Ins. Co., 190 Mo. App. 673; Castens v. Sup. Lodge, K.

& Lh., 190 Mo. App. 57; Bruck v. Life Ins. Co., 194 Mo. App. 529; Hicks v. Life Ins. Co., 196 Mo. App. 162.   (4)   The verdict and judgment should have been for the defendant, because—(a)   The evidence conclusively established the fact that at the time the insured made application for the policy, he was suffering from pulmonary tuberculosis, from which he afterwards died; (b)   That on October 20, 1924, the date of the policy, and later when same was delivered, the insured was not in sound health, as required by the provisions of the policy  See authorities under last point, above.   (5)   There was no showing that defendant's refusal to pay was wilful or without reasonable cause, as the facts would have appeared to a reasonable and prudent man at the trial, and the court should not have awarded attorney's fees for vexatious refusal to pay.   Weston v. American Ins. Co., 191 Mo. App. 282; Patterson v. American Ins. Co., 184 Mo. App. 44; Keller v. Insurance Company, 198 Mo. 460; Non-Royalty Shoe Co. v. Assurance Co., 277 Mo. 423; Berryman v. Southern Surety Co., 227 S. W. 96; Rogers v. Insurance Company, 157 Mo. App. 671; Renfro v. Insurance Company, 148 Mo. 258; Blackwell v. Insurance Company, 80 Mo. App. 78.   (6)   The court erred in permitting petition to be amended by making Keeling B. Wells a party plaintiff, as it amounted to the substitution of an entirely different cause of action for the one originally pleaded.   Meyer v. Ry. Co., 271 S. W. 865, 866, and cases cited.   (7)   The petition filed does not state facts sufficient to constitute a cause of action.

*Claude R. Ball* for respondents.

(1)   The court was within its rights in permitting the administrator to be made a party plaintiff.   The cases cited by defendant are not in point.   In this case, in any event, the parties plaintiff and defendant are the only parties interested in the result.   The coming of the administrator into the case made no change in the cause of action, and the court acted in accordance with the statute and its discretion in so permitting the administrator to be made a party plaintiff.   Secs. 1274, 1275 and 1276, R. S. 1919; Merrill v. City of St. Louis, 83 Mo. 244; Lilly v. Tobbein, 103 Mo. 477; Turner v. Noble, 211 Mo. App. 656; Oakley v. Richards, 275 Mo. 266.   (2)   The petition filed by Catherine Craig was adopted by plaintiff Keeling B. Wells, with permission of the court, and if the defendant was advised that that petition was defective a demurrer was one way to determine that question, but defendant made no objection in any way to the petition, or hearing thereon, and judgment was rendered for plaintiff on the verdict and finding of the court.   The defect, if any, was waived by defendant, for the defect or omission, as contended by defendant's brief, was "cured by the verdict, the statute treating

the proper amendment as having been made." Kronski v. Railway, 77 Mo. 362; Sec. 1550, R. S. 1919; Turner v. Noble, 211 Mo. App. 656; Green v. Strother, 201 Mo. App. 418. (3) The proofs of death were prepared by the defendant. The evidence shows that Catherine Craig could neither read nor write, and it was done by defendant's agents the morning of the day Robert Paul was buried. She was told that it was necessary for her to sign same to get the insurance. Told Wells, who was present, to go ahead and bury the body, as the insurance would be paid. She had nothing to do with the doctor's statement, never heard it read, and at the direction of defendant's agents her husband took the blank to Dr. Menefee and returned home with it and it was given to said agents. She was told to touch the pen, and did it. She testified that she did not know what any of the papers contained or meant, and is not an admission, except possibly as against interest, which may be and was overcome by the evidence, and was no admission against the administrator in any sense. "And in no event can such an admission of this character be conclusive," etc. Bruck v. Ins. Co., 194 Mo. App. 529, l. c. 538. (4) The refusal of defendant to pay this small sum to this "negro mammy" was willful, and defendant's answers, and its conduct, in failing to comply with section 6145, Revised Statutes 1919, is corroborative of plaintiff's evidence, and authorized the verdict allowing attorney's fee, and the authorities cited by defendant are not in point in this case. (5) The evidence was sufficient to take the case to the jury, and the verdict and judgment of the court, in accordance with the statute, whether plaintiff was entitled to recover, was for the court, sitting as a jury, to determine. Sec. 6142, R. S. 1919; Dye v. N. Y. Life Ins. Co., 207 Mo. App. 540; Manning v. Ins. Co., 202 Mo. App. 124; Bruck v. Ins. Co., 194 Mo. App. 529.

BECKER, J.—This is an action on an industrial insurance policy for $260, and was instituted by Catherine Craig, mother of the insured Robert Paul.

The case was tried by the court without the intervention of a jury. Before the submission of the case, but after the court had overruled the defendant's demurrer offered at the close of all the evidence, during the argument of counsel, the court indicated that plaintiff, Catherine Craig, was not entitled to maintain the suit, whereupon counsel for plaintiff asked the court to take a recess to afford plaintiff time to have an administrator of the estate of the deceased insured, Robert Paul, appointed. A recess was taken and thereafter, over the objection of defendant, Keeling B. Wells was permitted to be made a party plaintiff as administrator of the estate of Robert Paul, deceased, and to adopt the petition which had theretofore been filed by Catherine Craig. The defendant, upon the overruling of his objection

to said Wells administrator being made a party plaintiff, filed an answer in which it denied that the said Wells was the administrator of the estate of Robert Paul, deceased, and denied that Wells had any legal capacity to sue. The cause was then re-submitted to the court on the evidence theretofore adduced, together with additional evidence offered by plaintiff directed to the question of attorneys' fees.

Judgment resulted in favor of both plaintiffs and against the defendant for the full face of the policy, $260, together with $75 attorneys' fees.

The record discloses that the policy in question herein sued upon is an ordinary or old line life insurance policy issued by the defendant company, which does a life insurance business, upon the level rate plan. The policy is what is generally termed an industrial policy containing the so-called facility of payment clause, by the terms of which the amount stipulated in the policy, in the event of the death of the insured, is payable to the executor or administrator of the insured, the company, however, reserving the right to make the payment or grant any non-forfeiture privilege provided in the policy to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his burial; and the production of a receipt signed by either of said persons or of other proof of such payment of or grant of such privilege to either of them, shall be conclusive evidence that all claims under this policy have been satisfied.

This court has repeatedly held that where, under the terms of a policy of insurance, it is payable to the executor or administrator of the insured and contains a facility of payment clause, the proceeds of the policy are payable to the executor or administrator of the insured unless settlement shall have been made as provided for in the facility payment clause, and that no cause of action is vested in any one other than the duly qualified executor or administrator of the insured, and that such facility clause does not vest a right of action in any person who comes within the terms of such clause, but that the contract merely gives to the insurer an option to substitute payment under its terms for the payment otherwise due the executor or administrator of the deceased. [Manning v. Insurance Co., 202 Mo. App. 124, 213 S. W. 897; Walton v. Ins. Co., 207 Mo. App. 296, 232 S. W. 259; Burns v. Ins. Co. (Mo. App.), 253 S. W. 81.]

Defendant urges it as error on the part of the trial court in overruling its objection to making Keeling B. Wells, alleged administrator of the estate of Robert Paul, a party plaintiff,

We rule this point without merit in light of the liberal provisions of section 1274, Revised Statutes of Mo. 1919, with respect to amendments. It has often been ruled that while it is difficult to lay down a hard and fast rule with respect to what amendments should be allowed under the provisions of this statute, concededly the rule favors the allowing of amendments and it is the exception to refuse them. [Montague v. Railroad Co., 289 Mo. 288, 233 S. W. 189, and cases therein cited.] This statute has in the later cases been most liberally construed in those cases where the amendment is by bringing in or substituting the proper party plaintiff, and where, if not allowed, plaintiff's cause of action would be barred. These later cases have uniformly held that the substituting of a party having the legal right to sue instead of one improperly named as plaintiff, is permissible and does not change the cause of action. [Cytron v. Transit Co., 205 Mo. 692, 104 S. W. 109; Lilly v. Tobbein, 103 Mo. 477, 15 S. W. 618; Turner v. Noble, 211 Mo. App. 656, 249 S. W., 103; Baker Mfg. Co. v. Okla. Hide Co. (Mo. App.), 242 S. W. 134; Glover & Son Comm. Co. v. Milling Co., 136 Mo. App. 265, 116 S. W. 1112; Hackett v. Van Frank, 119 Mo. App. 648, 96 S. W. 247; Pickel Stone Co. v. McClinton, 177 Mo. App. 294, 160 S. W. 833.]

Since the cause of action on the policy before us is vested alone in the duly qualified executor or administrator of the insured, it is at once apparent that the trial court in any event erred in entering judgment for plaintiff Catherine Craig, mother of the insured, as she was suing in her individual capacity under the theory that she was entitled to payment under the terms of the facility of payment clause in the policy. Furthermore, though the record discloses that defendant's answer specifically denied that Keeling B. Wells was the administrator of the estate of Robert Paul, deceased, and denied his legal capacity to sue, yet neither in the petition adopted by Wells is there any allegation, nor anywhere in the record is there any evidence to support a finding that Wells is the duly appointed administrator of said estate. In this situation defendant's demurrer offered at the close of the case should have been sustained.

In light of the fact that the case may be re-tried, we note that the court erred in holding that section 6184, Revised Statutes of Mo. 1919, the alleged defense of misrepresentation made by the insured in his application was not available to the defendant, because the application for the insurance was not attached to the policy of insurance itself. The policy in suit being issued upon a level or flat rate premium, or in other words, being an old line policy and not a policy issued upon the stipulated premium plan, said section has no application. [See Mattero v. Ins. Co., 202 Mo. App. 293, 215 S. W. 750.]

As the defendant's answer alleges misrepresentation, we advert to the fact that section 6145, Revised Statutes of Mo. 1919, provides

that in suits brought upon life policies no defense based upon misrepresentation in obtaining or securing the same shall be valid unless the defendant either at or before the trial deposits in court for the benefit of plaintiff, the premiums received on such policy. The record discloses that the defendant did not make such deposit of the premiums but merely, in its answer "tenders herewith the sum of four dollars, the amount of the premiums paid on said policy of insurance from the date of its issuance to the date of the death of the insured, as provided for by the statutes of the State of Missouri."

The statute is mandatory and a tender set out in defendant's answer is not sufficient. For defendant to avail itself of a defense of misrepresentation, it must, at or before the trial, actually deposit in court, for the benefit of plaintiff, the premiums received on such policy. [Mannion v. Ins. Co. (Mo. App.), 273 S. W. 201.]

For the error noted above the judgment should be reversed and the cause remanded. It is so ordered. *Daues, P. J.,* and *Nipper, J.,* concur.